SHARP *against* CURTISS :

IN ERROR.

An action on the statute concerning fences, to recover double the value of repairs made pursuant to the 5th section of that statute, is "an action on the case," within the meaning of the same statute.

Where it was averred, in such action, in one count, that the plaintiff and defendant being adjoining proprietors of certain tracts of land, the defendant neglected and refused to keep in repair the divisional fence between those tracts, without any averment that it was the duty of the defendant to keep such fence in repair ; it was held, that such count was fatally defective.

But where it was averred, in another count, that the plaintiff and defendant being adjoining proprietors, the defendant neglected and refused to keep in repair that part of the divisional fence which he was bound to maintain and keep in repair ; it was held, that this count was sufficient, especially after verdict.

In such action, it is sufficient for the plaintiff to bring his case within the express provisions of the statute.

Where a bill of exceptions, filed by the defendant, in the county court, after the trial of the cause, on the general issue closed to the court, stated the facts as found by the court, detailing them at length, and concluded, by saying, that the court, upon such facts and evidence, found the issue in favour of the plaintiff ; it was held, that this was an attempt to bring up the whole case for reëxamination, in violation of the rule of law on this subject, and therefore, this court would not take cognizance of the matters so presented.

THIS action was originally brought by *Alfred D. Curtiss* against *Philander Sharp,* before a justice of the peace, and thence, by appeal, came before the county court. There were two counts in the declaration.

In the first, the defendant was required to answer unto the plaintiff in an action brought on a certain statute law of this state, entitled, "An Act concerning Fences and Common Fields," whereupon the plaintiff declared, That he and the defendant being the adjoining proprietors of certain tracts of land, situated in *Newtown,* the defendant has heretofore neglected and refused to keep in good and sufficient repair the divisional fence between said adjoining tracts of land ; and on the 3rd of *April,* 1839, the plaintiff applied to *Marcus Fairchild* and *Benjamin C. Glover,* then fence-viewers of said *Newtown,* duly chosen, to view said fence, who then viewed and adjudged said fence to be insufficient, and gave notice in writing of such insufficiency to the defendant ; and the defendant did not, within fifteen days from the time of receiving said notice, put said divisional fence in sufficient repair ; that afterwards, on the 1st of *August,* 1839, by reason of such neglect of the defendant, the plaintiff caused said fence to be put in sufficient repair, and completed, in the judgment of said fence-viewers, who, on the 19th of *August,* 1839, made an estimate of the value of said repairs, amounting to the sum of 8 dollars and 90 cents, and gave a certificate thereof, under their hands, and also of their fees, amounting to three dollars ; of which the defendant afterwards, on the 30th of *August,* 1839, had notice ; that afterwards, on the day and year aforesaid, the plaintiff made demand for said expenses and fees, of the defendant ; but he then and there refused, and has ever since refused, to pay the same, contrary to the statute in such case made and provided ; and by force of said statute, the defendant has become liable to pay to the plaintiff double the value of said repairs, *viz.* 17 dollars, 80 cents, together with the fees of said fence-viewers ; and an action, by force of said statute, hath accrued to the plaintiff to have and demand the same of the defendant.

In the other count, the plaintiff alleged, that he and the defendant being adjoining proprietors of certain tracts of land, situated in *Newtown,* the defendant has heretofore neglected

HARVARD LAW LIBRARY

*Fairfield,*
*June, 1843.*

*Sharp*
*v.*
*Curtiss.*

and refused to keep in good and sufficient repair that part of the divisional fence between said adjoining tracts of land, which he, the defendant, was bound to maintain and keep in sufficient repair ; and on the 3d of *April*, 1839, the plaintiff applied to *Marcus Fairchild* and *Benjamin C. Glover*, who were then lawful fence-viewers of said *Newtown*, and under oath, to view said fence, which the defendant was so bound to maintain and keep in sufficient repair; who then viewed and adjudged said fence to be insufficient, and then, without delay, gave notice in writing of such insufficiency, to the defendant ; and the defendant did not, within fifteen days after the time of receiving said notice, put his part of said divisional fence in sufficient repair; whereupon, the plaintiff afterwards, on the 19th of *August*, 1839, by reason of such neglect of the defendant, caused said part of said divisional fence so belonging to the defendant to maintain and keep in sufficient repair, to be put in sufficient repair, and completed, in the judgment of said fence-viewers ; who, on said 19th of *August*, 1839, made an estimate of said repairs, amounting to the sum of 8 dollars and 90 cents, and gave a certificate thereof, under their hands, to the plaintiff, and also of their fees, amounting to 3 dollars ; of which the defendant afterwards, on the 31st of *August*, 1839, had notice. [Concluding, as in the first count.]

To each of the counts in the declaration, the defendant pleaded *Not guilty*, and thereof put himself on the court for trial.

On the trial before the county court, the following facts were found by the court. The plaintiff, on the 25th of *April*, 1837, conveyed to the defendant, by deed of that date, a part of a tract of land in *Newtown*. The divisional line made by the deed, crossed, several times, a rail fence, leaving a part of such fence on the plaintiff's side of the line, and a part of it on the defendant's side. At the time of the conveyance, it was mutually agreed between the plaintiff and defendant, that the fence should be by them removed into the line so made by the deed. The parties afterwards placed in the line, from 80 to 90 feet of the fence, leaving the remainder as it previously stood, running parallel with, and a few feet from, said line. This was used as the divisional fence between the plaintiff and the defendant, until the month of *June* or *July*, 1838. The whole line between the parties was 104 rods, on

a part of which, there was no fence. On the 9th of *July*, 1838, the defendant complained to the select-men of *New-town*, that said line of fence had never been divided, and that the plaintiff refused to divide the same, and requested the select-men to make a division thereof. The select-men thereupon made a division of said line of fence, which they gave in writing, under their hands, to the defendant. Afterwards, on the application of the plaintiff, the select-men gave him said division in writing, under their hands, made out from a copy retained by them of the one they had given to the defendant, which the plaintiff procured to be recorded in the town records. It was agreed, by the parties, that the original division so given to the plaintiff, need not be offered or proved, on the trial, in conjunction with the copy above-mentioned ; but it was, at the same time, claimed by the defendant, that neither the writing given to him, nor that given to the plaintiff, constituted a legal division of the fence. The parties further admitted, and the court so found, that the defendant never procured the division so given him to be recorded ; and that the division so procured by the plaintiff to be recorded, was the only division appearing on the records of the town. The court also found, that the division so given to the plaintiff, and that so given to the defendant, were substantially alike.

The defendant having refused and neglected to maintain said division of said line of fence, so set out to him, by the select-men, on the 3rd of *April*, 1839, the fence-viewers were called upon to view that portion of said line of fence, who found it insufficient, and thereupon, without delay, gave the defendant notice in writing of such insufficiency. The defendant did not, within fifteen days after such notice, put said fence in sufficient repair. In the month of *June*, 1839, the plaintiff put said fence in sufficient repair ; which was so adjudged, by the fence-viewers, on the 19th of *August*, 1839. A certificate of their doings, made and signed by them, was given in evidence on the trial.

The plaintiff made demand of the defendant for the value of the repairs of said fence so by him made, together with the fees of the fence-viewers ; which the defendant neglected and refused to pay, for more than thirty days after demand so made.

*Fairfield,*
June, 1843.

Sharp
*v.*
Curtiss.

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sharp
*v.*
Curtiss.

Upon the foregoing evidence and facts, the plaintiff claimed, that he was entitled to recover of the defendant double the value of said repairs, together with the fees of the fence-viewers. But the defendant insisted, that the plaintiff could not recover, on the ground, that the select-men were not authorized to make such division ; on the ground, that a portion of said fence was not in the line made by the deed ; on the ground, that there was no fence, at the time of the division, on a portion of said line ; and on the further ground, that the division given to the plaintiff, and recorded, was inoperative to effect a division, and furnished no evidence that said line of fence between the plaintiff and defendant had ever been divided.

The court found for the plaintiff generally, to recover of the defendant the sum of 20 dollars, 80 cents, damages and costs. The defendant, excepting to the decision of the court, filed his bill of exceptions thereto, embracing the facts and evidence above stated. He also moved in arrest of judgment, for the insufficiency of the declaration. This motion was over-ruled, and final judgment rendered for the plaintiff. On a writ of error in the superior court, the judgment of the county court was affirmed. The record was then, by motion in error, brought before this court for revision.

*Dutton* and *Sturges,* for the plaintiff in error, contended, 1. That the declaration was insufficient. In the first place, the form of the action is wrong. The statute prescribes the form, which is, " an action on the case." *Stat.* 252. *tit.* 32. *s.* 5. (ed. 1838.) This should have been followed. 1 *Chitt. Pl.* 127. 163. The declaration should specify the particular form. 1 *Chitt. Pl.* 314. An action on the statute is a distinct form of action ; and if not, it may, or may not, be an action on the case. *Whitmore* v. *Robinson,* 2 *Conn. R.* 532. *Vide* 1 *New Rep.* 245.

Secondly, the averments as to the defendant's liability, are wholly insufficient. The first count contains nothing of the kind. The second count merely alleges, that the defendant did not repair a part of the divisional fence, which he was bound to repair ; but it does not state how the obligation arose. *Studwell* v. *Ritch,* 14 *Conn. R.* 292. The obligation might, consistently with the declaration, have been founded

on special contract. If so, an action on the statute would not lie. The presumption is against the pleader. The averment is certainly not direct. Occupancy, by the defendant, is not alleged ; and mere ownership is not sufficient. Nor is it alleged *when* the defendant neglected to repair. It may have been just before the date of the writ ; and not before the fence-viewers were called out.

2. That the facts found do not show any legal division of the fence ; and without such division, the defendant was not liable.

In the first place, the division made by the select-men, was on *Sharp's* application on *Curtiss'* neglect. *Sharp* had a right to perfect it, by getting it recorded or not, as he pleased. *Curtiss* had no right to a division by the select-men ; for *Sharp* had never refused. By the proceeding, *Curtiss*, who had been in fault, obtained a division, without ever calling on *Sharp.*

Secondly, the original division never was recorded, and, of course, never took effect. When this was delivered to *Sharp*, the powers of the select-men ceased.

Thirdly, the pretended division which was recorded, was a mere copy—or rather a copy of a copy—and could have no more force than the copy of a deed recorded.

Fourthly, the select-men attempted to divide a line without a fence. This they could not do, previous to the statute of 1843, as to part, or the whole. Nor could they divide a fence, which was not virtually *on the line.*

*Belden* and *Taylor*, for the defendant in error, contended, 1. That the declaration was sufficient. The form of action is *case*. 1 *Sw. Dig.* 658. 1 *Chitt. Pl.* 163, 4. 2 *Sw. Dig.* 572, 3.

2. That the facts found by the county court are sufficient to sustain the action.

In the first place, the certificate of the select-men recorded, constituted a legal division of the divisional fence between the parties. *Stat.* 251. *tit.* 32. *s.* 4. (ed. 1838.)

Secondly, it was competent for *Sharp* to call out the select-men for the division ; and it ill becomes him to deny the legality or propriety of his own act.

Thirdly, it was competent for the plaintiff, on the neglect

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sharp
*v.*
Curtiss.

of the defendant, to procure the division to be recorded. The select-men might have procured this to be done. So might either party in interest, or both; and the effect would have been the same, in either event.

Fourthly, it is of no consequence in regard to a division, that the divisional fence be exactly on the line: if so, but few fences could be divided.

Fifthly, it is not required by statute, that a complete divisional fence should be erected, before a division is had. If there has been, or is, a fence, that is sufficient for the action of the select-men. The select-men divided a line of *fence*, and not an imaginary line.

WAITE, J. The plaintiff in error, in the first place, insists, that the declaration is insufficient, for several reasons.

1. It is said, the form of the action is wrong. The statute gives an action on the case, whereas this is an action on the statute. Without doubt, where a statute provides a remedy, and prescribes the form of action, the remedy must be sought in the manner prescribed. But what is this but an action on the case, brought upon the very case arising out of the provisions of the statute? The term *action on the case* comprehends a great variety of suits; and this is but one species. Such an action may be brought upon a statute, as well as for a fraud or a breach of a warranty. The form, in this case, is such as is usually adopted where the remedy is given by a statute. 2 *Swift's Dig.* 570.

2. It is next claimed, that the averments as to the defendant's liability to repair, are defective.

We think this objection well taken to the first count. It is there averred, that the plaintiff and defendant being the adjoining proprietors of certain tracts of land, the defendant neglected and refused to keep in repair the divisional fence between those tracts. But there is no averment of any obligation on his part to do that.

The statute, indeed, provides, " that when adjoining proprietors enclose their lands in severalty, each shall make and maintain one half of the divisional fence." *Stat.* 250, 1. *tit.* 32. *s.* 2. (ed. 1838.) Although such is the general law, yet it does not follow, that this obligation may not be changed, by special agreement, or in some other manner. It does not,

therefore, follow, that because the parties are adjoining proprietors, each must be necessarily bound to maintain one half of the fence.

But there is another count, and the rule in this state is, that if any one count in the declaration is good, it will be sufficient to sustain a general verdict. *Wolcott* v. *Coleman,* 2 *Conn. R.* 337.

The second count goes farther than the first, and says, that the plaintiff and defendant being adjoining proprietors, the defendant neglected and refused to keep in repair that part of the divisional fence, which *he was bound to maintain and keep in repair.* It does not, indeed, state, why he was so bound; yet, when we take into consideration the allegation that the parties were adjoining proprietors, that the statute makes it the duty of each to maintain one half of the divisional fence, and the further allegation, that the defendant neglected to repair that part of the fence which he was bound to repair, the conclusion seems necessarily to follow, that this obligation arose from the circumstance that they were the adjoining proprietors, and the duty imposed by the statute.

The averment is loosely made; but we are inclined to consider it sufficient, especially after verdict. It is true, there was no verdict in this case, because the parties, in pursuance of the provisions of our statute, consented to have the issue found by the court instead of the jury. *Stat.* 56. *tit.* 2. *c.* 1. *s.* 58. (ed. 1838.) The finding of the court, under such circumstances, must have the same effect upon the defects in the declaration, as the verdict of a jury. The defendant's liability, at most, is defectively stated, which, like a title defectively stated, may be good after verdict.

3. It is further said, that there is no averment of any ownership or occupancy, by the defendant, of the adjoining land. But the action is founded upon the statute; and it is enough for the plaintiff to bring his case within the express provisions of the act. The statute says nothing of the ownership or occupancy, but provides, that each of the adjoining proprietors shall make one half of the fence; and if he refuses, the remedy is given to the other. The declaration states, that the parties were adjoining proprietors, and, in this respect, conforms to the language of the statute.

4. In the next place, it is said, that the expression, " has

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Sharp
*v.*
Curtiss.

heretofore neglected and refused" to keep the fence in repair, refers to the date of the writ ; and is, therefore, not a sufficient averment of a neglect at the time the fence-viewers were called out.

But this, taken in connexion with the other averments, sufficiently shews what is meant. It is afterwards stated, that the fence-viewers were called out, adjudged the fence insufficient, gave notice of the insufficiency to the defendant, who did not repair the fence, and thereupon the plaintiff caused it to be repaired.

5. The plaintiff in error, in the next place, complains, that the proceedings of the county court were erroneous, in the manner set forth in the bill of exceptions.

We do not consider ourselves justified in entering into an examination of the matters therein contained, because the bill of exceptions presents a clear and manifest attempt to bring up the whole case for reëxamination, in violation of a well-settled rule of law upon this subject.

The bill commences by stating, that, upon the trial of the cause, on the general issue, joined to the court, the facts, as found by the court, were as follows ; and then proceeds to detail those facts at length. It then concludes, by saying, that the court, upon the facts and evidence aforesaid, did find in favour of the plaintiff.

The finding of the court upon the facts and evidence, is the only decision complained of ; and we are now called upon to examine the evidence, and determine whether the finding was right. This a court cannot be required to do, upon a bill of exceptions. The rule has been too often repeated, by this and other courts, to be now questioned. *Shelton* v. *Hoadley*, post. *Lyme* v. *East-Haddam*, 14 *Conn. R.* 398. *Picket* v. *Allen*, 10 *Conn. R.* 147. 156. *Watson* v. *Watson*, 10 *Conn. R.* 75. *Wadsworth* v. *Sanford, Kirby*, 456. *Van Gorden* v. *Jackson*, 5 *Johns. R.* 467. *Jackson* d. *Saunders* & al. v. *Cadwell*, 1 *Cowen*, 622. Ex parte *Crane*, 1 *Peters*, 190.

In this opinion the other Judges concurred.

Judgment affirmed.