## SANBO v. UNION PAC. COAL CO.

(Circuit Court, D. Colorado. May 10, 1906.)

### No. 4,463.

COURTS—JURISDICTION OF FEDERAL COURTS—ALLEGATIONS OF CITIZENSHIP.

Where the complaint in an action in a federal court in which jurisdiction depended on diversity of citizenship failed to allege plaintiff's citizenship, an amendment to cure the defect and show jurisdiction must allege the requisite citizenship, not only at the time it is filed, but at the time the action was commenced.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 878.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

On Motion for Leave to File Amended Complaint.

Doud & Fowler, for plaintiff.
Dorsey & Hodges, for defendant.

RINER, District Judge. The original complaint in this case, containing two causes of action, was filed in this court on June 23, 1903. A demurrer to the complaint was sustained, with leave to amend. An amended complaint, also containing two causes of action, was filed November 9, 1903, to which a demurrer was filed and sustained. The plaintiff having elected to stand upon his amended complaint, a judgment was entered in favor of the defendant dismissing the case, and the plaintiff thereupon sued out a writ of error to the court of appeals for this circuit. 140 Fed. 713. The jurisdiction of this court depending upon the citizenship of the parties, and there being no allegation in the complaint that the plaintiff was a citizen of this or any other state, the judgment was reversed, upon the ground that the circuit court had no jurisdiction of the action, and the case was remanded to this court, with instructions to allow or refuse to allow an amendment in this particular in its discretion. On the 8th of February, 1906, plaintiff applied to this court for permission to file an amended complaint, containing but a single cause of action, and in which it is averred "that the said plaintiff is a citizen of the United States and of the state of Colorado, and is a resident of the city and county of Denver in the state of Colorado." Even in this proposed amended complaint there is no allegation that the plaintiff was a citizen of the state of Colorado at the time this action was begun, two years and

seven months prior to the application to file this amendment. The necessary allegation as to the citizenship of the parties was omitted altogether in the original complaint and also in the amended complaint, and in the amended complaint now sought to be filed the averment is that the plaintiff is (which means at this time, two years and seven months after the original action was brought) a citizen of the state of Colorado; not that he was such citizen at the time the suit was begun. This question was before the Supreme Court of the United States in the case of Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914. In disposing of the case, Chief Justice Waite said:

"If the necessary citizenship actually existed at the time the suit was begun, it will be for the court below to determine when the case gets back whether the record shall be amended so as to show that fact, and thus make out the jurisdiction."

It will thus be seen that the amended complaint now sought to be filed does not come within the rule announced by the Supreme Court, and the motion for leave to file it will be denied.

Even if the amendments were allowed, I think the plaintiff's right to maintain the action may well be considered doubtful. An administrator is a statutory officer. The office and the powers of the administrator are creatures of statute, and from the averments in the complaint in this case the action is to recover for injuries resulting from an accident occurring in the state of Wyoming, and the administrator who brings this action is appointed in Colorado. Under the statutes of Wyoming, the administrator of a decedent's estate is given the right to maintain an action for his death. In Colorado, under whose laws this plaintiff was appointed and is acting, an administrator is without legal capacity to maintain such an action. Under the laws of Colorado an administrator is not only not given the right to maintain an action of this character, but the right to maintain such an action is expressly denied, and vested in certain named relatives, and the amount, if any, recovered is the individual property of such relatives, and is no part of the estate of the deceased person, and not subject to his debts. My attention has been called to no statute of this state giving an administrator authority either to maintain the action or distribute the funds realized therefrom in case of recovery, and I think none exists. However, it is neither profitable nor at all necessary to pursue this discussion, as the motion will be denied upon the first ground stated.

An order will be entered denying the motion filed herein on February 8, 1906, requesting permission to file an amended complaint, and dismissing the case at plaintiff's cost, upon the ground that this court has no jurisdiction of the action.