### WARREN v. EMPLOYERS' INDEMNITY CORPORATION.
### No. 971.

District Court, N. D. California, N. D.
April 12, 1933.

Inman & West, of Sacramento, Cal., for plaintiff.

Johnson & Lemmon and George E. Mc-Cutchen, all of Sacramento, Cal., for defendant.

KERRIGAN, District Judge.

The question of the jurisdiction of the court over this case is presented by the demurrer to the second amended complaint. The question must be determined on the basis of whether or not the jurisdictional facts existed at the time the original complaint was filed. If the jurisdictional facts then existed, the court may in its discretion permit an amendment to cure a defect in alleging them. Rabe v. Danaher (C. C. A. 2) 56 F.(2d) 758; Swayne & Hoyt v. Barsch (C. C. A. 9) 226 F. 581; Mutual Life Ins. Co. v. Thompson (D. C.) 27 F.(2d) 753; Carr v. Fife, 156 U. S. 494, 15 S. Ct. 427, 39 L. Ed. 508; 1 Cyc. Fed. Procedure, p. 709, and cases therein cited. Where, however, the jurisdictional facts did not exist at the time the original complaint was filed, but arose thereafter, an amendment to the complaint setting up the new facts does not give the court jurisdiction. Sanbo v. Union Pacific Coal Co. (C. C.) 146 F. 80; Anderson v. Watts, 138 U. S. 694, 11 S. Ct. 449, 34 L. Ed. 1078; 15 Corpus Juris, 773, § 68; 1 Cyc. Fed. Procedure, p. 710.

In this case, at the time the complaint was filed, plaintiff as executrix of her deceased husband's estate had a cause of action for less than $3,000 consisting of a claim for nonpayment of accident benefits alleged to be due the insured during his life. She attempted to bring her claim above the jurisdictional amount by adding a count for the amount of the death benefit provided by the policy due to her as beneficiary which she had assigned to herself as executrix. This was held to be improper and the demurrer to the complaint was sustained. Subsequently the rights in both causes of action merged in plaintiff by virtue of a decree of the probate court. Plaintiff obtained an order substituting herself as plaintiff in place of herself in her representative capacity and filed the second amended complaint and set forth therein both grounds of recovery. When plaintiff commenced the suit as executrix, facts did not exist which would give this court jurisdiction. The merging of the causes of action in her person subsequent to the filing of the suit cannot now give the court jurisdiction.

Since both causes of action arise out of the same insurance contract and since the parties are the same, I regret the necessity of giving what appears to be a very technical decision. Should I rule otherwise, however, the matter being jurisdictional could be raised again at any time and the parties might be put to the trouble and expense of a trial which would be a legal nullity.

The demurrer to the second amended complaint is sustained without leave to amend, without prejudice to the right of plaintiff to commence another suit upon said causes of action in her own right.