H. J. JAEGER RESEARCH LABORATORIES, Inc., v. RADIO CORPORATION OF AMERICA.

No. 6271.

Circuit Court of Appeals, Third Circuit.

June 10, 1937.

Hollander, Leichter & Klotz, of Union City, N. J. (Samuel F. Frank, of New York City, Edward Hollander, of Union City, N. J., and Edwin P. Gordon, of New York City, of counsel), for appellant.

Thurlow M. Gordon and Manton Davis, both of New York City, Thomas G. Haight and George G. Tennant, Jr., both of Jersey City, N. J., and Joseph V. Heffernan, of New York City, for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case, an action to recover damages for violation, by the defendant, of the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1–7, 15 note) the decisive factor is the several years' delay of the plaintiff in bringing this suit. In point of fact, such suit was not brought for over eight years, and the question is whether it was barred by the New Jersey statute of limitations (3 Comp. St.N.J.1910, p. 3162 § 1). The question arises in this way. The New Jersey statute of limitations, which it is conceded governs, limits actions on the case to six years. The plaintiff contends his suit is not an action on the case; the defendant says it is. The court below held with the defendant and dismissed the suit. Thereupon plaintiff took this appeal.

Confining ourselves to the statutes of limitations of the states in this circuit, we note that the acts of New Jersey and Pennsylvania are (3 Comp.St.N.J.1910, p. 3162, § 1; 12 P.S.Pa. § 31), so far as pertinent to the question here involved, the same, and both follow the British statute of James I in limiting actions of case to six years. That action was created to meet a recognized need in the administration of justice, namely, a special form of action for particular cases where the ancient form of action did not provide a remedy. This is recognized by cases and commentators and the broad, inclusive remedial purpose of its origin authoritatively stated. Thus Blackstone, volume 4, *442, referring to the adopting of process by courts to a particular case, speaks of them as "extending the remedial influence of the equitable writ of trespass on the case according to its primitive institution by King Edward I to almost every instance of injustice not remedied by any other process." So again, volume 3, *122, that great commentator says: "Where any special consequential damage arises which could not be foreseen and provided in the ordinary course of justice, the party injured is allowed both by common law and the statute of Westminster, 2 C. 24, to bring a special action on his own case by a writ form according to the peculiar circumstance of his own particular grievance." So, also, Bouv.Law Dict. (Rawle's Third Revision) vol. 1, p. 425, says: "Case—A form of action which lies to recover damages for injuries for which the more ancient forms of action will not lie. Steph.Pl., 2nd. Ed. § 52." Moreover, instancing the need where a statute grants a right but does not prescribe the remedy to enforce such, and citing how the law provides a remedy by an action of case, Bouv.Law Dict.(Rawle's Third Revision) vol. 1, p. 426, says: "Case lies for the infringement of rights given by statute; Sharp v. Curtiss, 15 Conn. 526; Riddle v. Proprietors of Locks and Canals, 7 Mass. 169, 5 Am.Dec. 35; Savings Inst. v. Makin, 23 Me. [360] 371; Hunt v. Town of Pownal, 9 Vt. 411; Hull v. Richmond, 2 Woodb. & M. 337, Fed.Cas. No. 6,861." To which may be added 1 Chit.Pl. 133: "Actions on the case are founded on common law or upon acts of parliament, and lie generally to recover damages for torts not committed with force, actual or implied;"

and page 142: "Wherever the statute prohibits an act, and provides for a recovery of damages caused by its violation, the remedy is an action on the case."

This application of the statutory limitations to an action of case brought for damages under the Sherman Act has arisen in cases in this circuit. By reference to Buckeye Powder Co. v. Du Pont De Nemours Powder Co. (C.C.A.) 223 F. 881; Id., 248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123, it will be seen that on September 18, 1911, an action similar to the present one was brought in the District of New Jersey. The alleged wrongs were committed from 1903 to the date of the suit. The trial judge held that the plaintiff was barred by the New Jersey statute of limitations as to all damages suffered before September 18, 1905, and left to the jury to decide whether any damage was proven during that six years' period. The jury found for the defendant. On appeal by the plaintiff, this court (223 F. 881) affirmed the judgment, as did also the Supreme Court (248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123). In this court the ruling of the court was assigned as error, but it was not discussed by counsel or alluded to in the court's opinion, seemingly it not being regarded as a matter of moment, but it was not overlooked, for Justice Holmes, in his opinion said: "Elaborate exceptions were taken but they were overruled by the Circuit Court of Appeals." Apparently both reviewing courts regarded the question as rightly settled. Later, in a like case, the limitation of the Pennsylvania statute, which, as stated above, was substantially the same as the New Jersey one, was held to control: Bluefields S. S. Co. v. United Fruit Co. (C.C.A.) 243 F. 1, 20, dismissed 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438. In this court's opinion it was said: "The only question is whether the six year limitation of the Pennsylvania Act [12 P.S. § 31] was properly applied. * * * We are of opinion that the defendant [should be plaintiff] did not suffer from error in having applied to its case the six year limitation of the Pennsylvania Act." These cases were followed in Shelton Electric Co. v. Victor Talking Mach. Co. (D.C.) 277 F. 433, 435, a case also arising in this circuit, wherein the trial judge held: "The case is, however, I think, controlled by Thomson v. Clanmorris (1900) 1 Chancery, 718."

So regarding, we hold the court below did not err, but its decision is in line with the holdings of this circuit. In so deciding we have not overlooked the decisions of the courts of New Jersey, which it is urged constrain a decision to the contrary. Without discussing and differentiating such cases, we find no case which presents the question here involved. The Sherman Act created a new tort damage right for damages actually suffered, but also imposed a statutory trebling penalty. For this new legislative damage and penalty it created no remedy. But the law, by its flexibility, provided for this particular situation a remedy by an action of case, but with that remedy provided, for the protection of defendants, the barrier of a six-year limitation which, as has been said in St. Louis Public Schools v. Walker, 9 Wall. 282, 19 L.Ed. 576, "is a mere declaration of the law-making power to the plaintiff, that having voluntarily slept so long upon his rights, he shall not now be permitted to assert them, to the injury of individuals and the disturbance of society." Accordingly, the judgment below is affirmed.