182 N.J. Super. 318 (1981)
440 A.2d 1166
SHIRLEY LEESE, PLAINTIFF,
v.
JOHN DOE AND/OR JOHN DOE CORPORATION, DOING BUSINESS AS ARMELINI TRUCKING COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Cumberland County.
Decided December 2, 1981.
*319 Mary J. Maudsley for plaintiff (Cooper, Perskie, Katzman, April, Niedelman and Wagenheim, P.A., attorneys).
Robert J. Halpin for defendant.
EDWARD S. MILLER, J.S.C.
The question presented by this case is whether a claim under the Civil Rights Act, N.J.S.A. 10:5-1 et seq., is subject to a two-year statute of limitation (N.J.S.A. 2A:14-2) or a six-year statute (N.J.S.A. 2A:14-1). It is novel in this jurisdiction.
In March 1976 plaintiff, a woman, applied unsuccessfully to defendant Armelini Trucking Co. for employment as a truck driver. On April 7, 1976 plaintiff filed a complaint with the New Jersey Department of Law and Public Safety, Division on Civil Rights, alleging that, in refusing her employment as a truck driver, defendant had violated N.J.S.A. 10:5-3 and 10:5-12(a), the Law against Discrimination. Also on April 7, 1976, plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission, similarly based on defendant's denial of employment. However, in May 1979 the Division on Civil Rights closed its file on plaintiff's case on the ground of her unavailability, and the Equal Employment Opportunity Commission followed suit the following month.
Plaintiff obtained service of the complaint on defendant in this action in July 1981. The complaint seeks compensatory and punitive damages, interest, costs and attorney's fees in connection with defendant's alleged violation of N.J.S.A. 10:5-1 et seq. *320 and the New Jersey Consumer Fraud statute. Defendant, in its answer and in the present motion to dismiss, sets forth the affirmative defense that the action is barred by the two-year statute of limitations, N.J.S.A. 2A:14-2, relating to actions for injuries to person by wrongful act:
Every action at law for an injury to the person caused by the wrongful act, neglect, or default of any person within this state shall be commenced within 2 years after the cause of any such action shall have accrued.
If applicable, N.J.S.A. 2A:14-2 would bar plaintiff's suit, which was instituted four years after her cause of action accrued. Plaintiff argues, however, that the six-year period set forth in N.J.S.A. 2A:14-1 is the appropriate measure for actions under N.J.S.A. 10:5-1 et seq. N.J.S.A. 2A:14-1 states:
Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchants and merchants, their factors, agents and servants, shall be commenced within 6 years after the cause of any action shall have accrued....
The question as to which statute of limitations is applicable to actions under N.J.S.A. 10:5-1 et seq. is new. In support of the two-year limitation defendant cites Hughes v. Smith, 264 F. Supp. 767 (D.N.J. 1967), aff'd 389 F.2d 42 (3 Cir.1968). Petitioner there was beaten and shot by police while in custody, and sued under the federal Civil Rights Act, 42 U.S.C.A. § 1983, for damages resulting from his personal injuries. Because petitioner brought his action more than two years after the date of his injury, the District Court held the action barred by N.J.S.A. 2A:14-2, and the Court of Appeals affirmed.
Hughes, however, involved damages for personal injury, while the present action involves alleged damages resulting from employment discrimination. In choosing the statute of limitations applicable to the federal Civil Rights Act, courts have selected the limitation appropriate to the analogous action under state law, Tuma v. American Can Co., 367 F. Supp. 1178, 1183-85 (D.N.J. 1973). Thus, plaintiff correctly cites a case involving *321 employment discrimination brought under the federal Civil Rights Act, 42 U.S.C.A. § 1981, in support of the six-year limitation  Davis v. United States Steel Supply, 581 F.2d 335 (3 Cir.1978).
The petitioner in Davis was the first black clerk-typist employed by respondent. She endured considerable harassment from her coworkers and was dismissed by respondent in 1970 for "her own personal safety." She sued in 1975 for damages, including lost wages, under 42 U.S.C.A. § 1981. In reversing the lower court's ruling that petitioner's complaint was time barred by the Pennsylvania two-year statute of limitations, the Court of Appeals for the Third Circuit stated:
Whether an action for breach of an at-will employment contract is classified as a contract action or a tort action not involving bodily injury, it would be subject to the six-year limitation period of 12 P.S. § 31.
In summary, we have concluded on various grounds of analogizing Mrs. Davis' § 1981 complaint to state law causes of action that the six-year statute of limitation of 12 P.S. § 31 should have been applied in this case. [581 F.2d at 341].
The present case, though brought under our Civil Rights Act, also involves employment discrimination and the injury to plaintiff's property rights which allegedly resulted. As such, the six-year limitation of N.J.S.A. 2A:14-1 governs the timeliness of plaintiff's action. See, also, Kyriazi v. Western Electric Co., 461 F. Supp. 894, 902 (D.N.J. 1978), vacated in part 473 F. Supp. 786 (D.N.J. 1969), aff'd in part 647 F.2d 388 (3 Cir.1981), and Page v. Curtiss-Wright Corp., 332 F. Supp. 1060, 1065 (D.N.J. 1971).
The question in this case appears novel because plaintiff's action is unusual. Until February 1980 the Law against Discrimination provided for remedies solely through the Division on Civil Rights, N.J.S.A. 10:5-13, and even now the statutory procedure is exclusive while pending, N.J.S.A. 10:5-27. More than two years had already elapsed when the Division on Civil Rights closed its file on plaintiff's complaint and plaintiff commenced suit independently. A two-year limitation would thus have precluded plaintiff's action altogether, although plaintiff had filed her original complaint with the Division on Civil *322 Rights well within the 180-day limitation of N.J.S.A. 10:5-18. See Decker v. Elizabeth Bd. of Ed., 153 N.J. Super. 470 (App.Div. 1977), certif. den. 75 N.J. 612 (1978).
The court does not decide the appropriateness of plaintiff's suit under N.J.S.A. 10:5-13. For the reason set forth above, however, defendant's motion to dismiss is denied.