Joseph L. MATHEWS, Plaintiff,

v.

PUERTO RICO MARITIME MANAGE-
MENT, INC. as Agents for Puerto Rico
Maritime Shipping Authority, Defend-
ant.

No. 82 Civ. 3597 (JES).

United States District Court,
S.D. New York.

July 18, 1985.

Joseph L. Mathews, pro se.

Dougherty, Ryan, Mahoney, New York
City, for defendant; Lawrence J. Mahoney,
Thomas L. Tisdale, New York City, of
counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Joseph L. Mathews ("Math-
ews") filed a complaint in this Court on
June 2, 1982. Mathews alleged that de-
fendant Puerto Rico Maritime Manage-
ment, Inc. breached its contract with him
and violated state and federal age discrimi-
nation laws by refusing to hire plaintiff as
"relief bo'sun" on defendant's ship, the
*S.S. Fortaleza*.[1]

By Order dated January 13, 1984, this
Court ruled that plaintiff's federal claim
for age discrimination was legally insuffi-
cient because plaintiff was more than sev-
enty years of age at the time defendant
refused to hire him, and hence was not
covered under the applicable federal law.
*See* Age Discrimination in Employment Act
of 1967, § 12, 29 U.S.C. § 631(a) (1982);
Hearing Transcript ("Tr.") at 37.[2] Since an
issue was raised as to the Court's subject
matter jurisdiction over plaintiff's state law
claim(s) because it did not meet the mone-
tary requirement of 28 U.S.C. § 1332(a)

---

1. In his original complaint, plaintiff alleged that
defendant had discriminated against him on the
basis of his age and breached its collective bar-
gaining agreement with the National Maritime
Union of America, AFL–CIO ("Union") by re-
fusing to employ plaintiff as a "relief bo'sun" on
the *S.S. Fortaleza* after plaintiff had successfully
competed for the position at the Union hall.
Plaintiff claimed damages of $7,878.10 in lost
wages for the 60-day relief job.

2. The Agreement between defendant and the
Union, plaintiff's bargaining agent, provides
both that defendant shall have the right to estab-
lish a mandatory retirement policy at age seven-
ty and that defendant shall not discriminate on
the basis of age or any other basis prohibited by
law. *See* Agreement, Def. Ex. A, art. 1, § 8(j) at
23. Accordingly, the Court determined that de-
fendant could only have breached the Agree-
ment if the establishment of a mandatory retire-
ment policy at age seventy is prohibited by law.

1976, and since plaintiff argued that he could meet that requirement, the Court granted plaintiff leave to amend. *See* Order dated January 13, 1984.

In his amended complaint, filed on January 30, 1984, plaintiff added a second cause of action. Mathews claimed that on June 15, 1983, more than a year after he had filed the instant action, he was awarded the same position on defendant's ship by the Union, but defendant again denied him a job by reason of his age. Plaintiff claimed the same amount in damages for this subsequent cause of action as for the first; thus, the total amount in controversy asserted in the amended complaint is $15,-756.20.

■ The Court has now determined that the complaint may not be amended to set forth facts meeting the monetary requirements of diversity jurisdiction where the requisite amount in controversy did not exist at the time the initial complaint was filed. *See, e.g., Warren v. Employers' Indemnity Corp.*, 3 F.Supp. 221, 222 (N.D. Cal.1933); *cf. Field v. Volkswagenwerk AG*, 626 F.2d 293, 305 (3d Cir.1980); *Church of Scientology of Colorado v. United States*, 499 F.Supp. 1085, 1088 (D.Colo.1980); 1 *Moore's Federal Practice* § 0.91[3] (2d ed. 1985).[3] However, at the time that the Court directed an amendment of the complaint, there was pendent jurisdiction over the state law claims which

arose out of the same facts upon which the federal claim was based. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ Therefore, the Court may well have pendent jurisdiction over the state law claims set forth in the amended complaint. However, the Court has concluded that it should not exercise pendent jurisdiction over those claims.[4] While it is true that this case has been pending in this Court since June of 1982, there has been virtually no discovery. Thus, the amount of "judicial energy" spent on this case does not weigh in favor of exercising pendent jurisdiction. *See, e.g., Rosado v. Wyman*, 397 U.S. 397, 403–04, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970). Moreover, the issues raised here are difficult ones of state law, "upon which state court decisions are not legion." *See Moor v. County of Alameda*, 411 U.S. 693, 716, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Finally, this does not appear to be a case in which an applicable statute of limitations would bar plaintiff's claim if pendent jurisdiction is not retained. *See, e.g., Meyerhofer v. Empire Fire and Marine Insurance Co.*, 74 F.R.D. 151, 154 (S.D.N.Y.1977).[5]

Plaintiff will therefore suffer no prejudice from the dismissal of his complaint. Moreover, the policy considerations which preclude the assertion of causes of action

3. The Court also finds that § 20 of the Jones Act, 46 U.S.C. § 688(a) (1982), cannot, as plaintiff contends, provide a predicate for this Court's jurisdiction over his claims because, by its terms, the Jones Act only applies to seamen who suffer personal injury in the course of employment. It does not provide relief to this plaintiff, who has not suffered a maritime tort, since the gravamen of Mr. Mathews' complaint is that he was illegally denied employment by defendant. *See* G. Gilmore & C. Black, *The Law of Admiralty*, § 6–21, at 282 (2d ed. 1975).

4. While it is true that an amended complaint ordinarily supersedes the original and renders it of no legal effect, *see, e.g., Washer v. Bullitt County*, 110 U.S. 558, 562, 4 S.Ct. 249, 250, 28 L.Ed. 249 (1884), to hold that plaintiff's failure to incorporate the dismissed federal claim in his amended complaint deprives this Court of pendent jurisdiction clearly would be contrary to the principle that allegations in a pro se com-

plaint are held "to less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam), and would unfairly penalize this pro se plaintiff for not arguing that the Court should have exercised pendent jurisdiction at the time the federal claim was dismissed.

5. The only law which seems arguably capable of affording plaintiff the relief he seeks, that of New Jersey, applies the six-year statute of limitations for the exercise of interference with rights under an employment contract to claims of employment discrimination. *See, e.g., Skadegaard v. Farrell*, 578 F.Supp. 1209, 1214 (D.N.J. 1984); (six-year statute of limitation for contractual or other tortious injury, N.J.Stat.Ann. § 2A:14–1 (West 1952), applies to an action for employment discrimination); *see also, Leese v. Doe*, 182 N.J.Super. 318, 440 A.2d 1166 (Law Div.1981).

occurring after a complaint is initially filed in order to increase the amount in controversy for purposes of creating diversity jurisdiction militate against exercising pendent jurisdiction over a complaint which was subsequently amended for that purpose. *Cf. Warren, supra,* 3 F.Supp. at 222.

It follows that plaintiff's complaint should be dismissed without prejudice to commencing a new action in state or federal court. Should a new complaint be filed in this forum, this Court will accept the new action as a related case. In that event, defendant will have thirty days from the date of the filing of that complaint to either move to dismiss the new complaint or to advise the Court and the plaintiff by letter that it desires to have the Court treat all motions directed to the dismissed complaint as directed to the new complaint.[6] Plaintiff shall file his response within thirty days of the date that defendant either files his new motions or advises the Court by letter, as noted above. Defendant shall reply to plaintiff's response within fifteen days of the date that defendant receives plaintiff's response.

It is SO ORDERED.

---

6. The Court notes that there may exist some questions as to defendant's "citizenship" which, if and when resolved by the Court upon a suffi-cient showing by defendant, might serve to defeat plaintiff's attempt to assert diversity jurisdiction in a subsequent federal action.