252 N.J. Super. 660 (1991)
600 A.2d 525
THELMA LAUTENSLAGER, PLAINTIFFS,
v.
SUPERMARKETS GENERAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided June 28, 1991.
*661 Patricia Breuninger (Breuninger, Hansen & Casale, Esqs.), for plaintiff.
Hal R. Crane, Corporate Counsel for Supermarkets General Corporation.

OPINION
MENZA, J.S.C.
Defendant moves for partial summary judgment.
The question presented is which statute of limitations is applicable to a NJLAD case based on employment discrimination.
On May 11, 1989, the plaintiff filed a complaint alleging a continuing pattern of employment discrimination on the part of her current employer, Supermarkets General Corporation. Specifically, the plaintiff contends that she was denied promotional opportunities from 1979 to the present, and that positions for which she was equally qualified were given to younger, usually male employees. Count One of the Complaint alleges violations of the New Jersey Laws Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.
The defendant moves for a partial dismissal of the plaintiff's claims on the grounds that the two-year statute of limitations governing personal injury actions controls the NJLAD claim. The defendant contends, therefore, that all claims of discrimination that relate to events prior to May 11, 1987, are time barred by application of the statute.
The plaintiff argues that the two-year statute is inapplicable to her claims, and that N.J.S.A. 2A:14-1, which provides a six-year statute for actions sounding in property rights, is the most befitting for discrimination claims.
The NJLAD statute does not specify a statute of limitations period of limitations for actions involving employment discrimination.
The limitation of actions statutes provide:

*662 Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants shall be commenced within 6 years next after the cause of any such action shall have accrued. (N.J.S.A. 2A:14-1).
Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued. (N.J.S.A. 2A:14-2).
In Leese v. Doe, 182 N.J. Super. 318, 440 A.2d 1166 (Law Div. 1981), the court addressed the question of which statute of limitations was applicable to the NJLAD claims based on sex discrimination. The court held that the plaintiff's employment discrimination claim was governed by the six year statute of limitations set forth in N.J.S.A. 2A:14-1. In doing so, the court analogized the NJLAD claim to a claim brought under its federal counterpart, 42 U.S.C. § 1981 and cited as authority for its holding the case of Davis v. United States Steel Supply, 581 F.2d 335 (3rd Cir.1978). The Davis case held that a petitioner's § 1981 complaint was one which sounded in property rights, and was therefore actionable under Pennsylvania's six-year statute.
The Davis court said:
Plaintiff's complaint cites incidents of abuse and of personal property damage, but not of bodily injury. The gravamen of the complaint does not concern Mrs. Davis' interest in personal security, but rather involves unlawful interference with her rights as an employee. Mrs. Davis implicitly asserts a right to good faith efforts by an employer to correct instances of co-worker racial harassment and a right not to be discharged for complaining of such incidents. Essentially, Mrs. Davis complains that U.S. Steel Supply demeaned her and fired her because of her race. (Id. at p. 338).
In Skadegaard v. Farrell, 578 F. Supp. 1209 (D.N.J. 1984), the court, also relying on Davis, held that the six year statute was applicable to a NJLAD case based on sexual harassment. The court said:

*663 The relief sought by plaintiff is the key to characterization of a cause of action for statute of limitation purposes, and as in Davis, [i]n terms of legal relief, plaintiff's complaint does not seek damages for bodily injury.' (Id. at p. 1214).
The Davis case, the premise for the Leese and Skadegaard cases, was reversed by the United States Supreme Court in Goodman v. Lukens Steel, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). In that case, which involved racial discrimination, the Supreme Court held that federal courts should select the most applicable state statute of limitations for § 1981 claims, and that the applicable state statute should be the one governing personal injury claims. The court said:
Section 1981 has a much broader focus than contractual rights ... [It] asserts in effect that competence and capacity to contract shall not depend on race. It is thus part of a federal law barring racial discrimination, which, as the court of appeals said, is a fundamental injury to the individual rights of a person ... The Court of Appeals was correct in selecting the Pennsylvania 2-year limitation period governing personal injury actions. (Id. at 661-662, 107 S.Ct. at 2620-2621).
In White v. Johnson & Johnson, 712 F. Supp. 33 (D.N.J. 1989), the District Court applying Goodman rejected Leese and Skadegaard, and held that the two year statute was applicable. The court said:
The New Jersey Supreme Court has not yet ruled on the appropriate statute of limitations in an action under NJLAD. (citation omitted). In the absence of an authoritative pronouncement from the state's highest court, the task of a federal court is to predict how that court would rule.' (citation omitted).
........
The only New Jersey state case cited by the parties that has addressed the issue is Leese v. Doe, 182 N.J. Super. 318, 321, 440 A.2d 1166, 1168 (Law Div. 1981), which ruled that the six-year statute pertaining to claims for injury to property governs NJLAD claims ...
Importantly, however, both Leese and one of the federal cases following it based their holding on the Third Circuit case that was overruled by Goodman in the § 1981 context, namely, Davis v. United States Steel Supply, 581 F.2d 335 (3d Cir.1989).
........
Although it [NJLAD] has wide-ranging economic consequences, it is fundamentally aimed at eliminating the injury that racial discrimination causes to the person of the aggrieved.
........

*664 The Court can only assume that if the issue were before the highest court of New Jersey, that court would do as the Superior Court did in Leese and look to federal law for guidance, but would find the current federal guidance (in contrast to what existed at the time of Leese), to favor application of the personal injury statute of limitations to NJLAD claims. Thus, the Court agrees with defendants the New Jersey Supreme Court would most likely apply the two-year limitations period of N.J.S.A. § 2A:14-1 [sic][1] to NJLAD claims. (Id. at 37-38).
Although there are no New Jersey decisions which have specifically addressed the question, it appears that the New Jersey courts do apply the six year statute of limitations.
In Nolan v. Otis Elevator Co., 197 N.J. Super. 468, 485 A.2d 312 (App.Div. 1984), rev'd on other grounds, 102 N.J. 30, 505 A.2d 580 (1986), cert. den., 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 38 (1986), a case decided before Goodman, the Supreme Court, in reversing the Appellate Division held that the federal age discrimination in employment act preempted a state court action which was brought under NJLAD after the expiration of the statute of limitations governing the federal act. Although the Supreme Court did not specifically state the statute of limitations applicable to NJLAD claims, the Appellate Division did do so but did it in dicta and without explanation. The court said:
Defendant contends here that the action is barred by the time limitations expressed in the New Jersey Law Against Discrimination and the statute of limitations, N.J.S.A. 2A:14-2.
........
... [W]e conclude that the applicable time limitation is that stated in N.J.S.A. 2A:14-1 "6 years next after the cause of action shall have accrued. (197 N.J. Super. p. 473-474, 485 A.2d 312).
And in Fisher v. Quaker Oats, 233 N.J. Super. 319, 559 A.2d 1 (App.Div. 1989), the court, in the first sentence of its opinion, framed the issue in the case by stating,
"On this appeal, we must determine whether the 6 year period permitted for the filing of an age discrimination complaint under our Law Against Discrimination ... has been preempted by the shorter limitation period of the federal Age *665 Discrimination in Employment Act." (At 320, 559 A.2d 1, citing the Nolan case as authority).
No explanation was thereafter offered by the court as to the reason why the six year statute of limitation was applicable to NJLAD.
The quandary then is this: the Leese case, a law division case, and the Skadegaard case, a federal district court case, each of which held that the six year statute was applicable, was based on a federal circuit court case subsequently reversed by the Supreme Court. The White case also a federal district court case, concluded that the two year statute is applicable and two appellate division cases have stated in dicta, and without explanation, that the six year statute is applicable.
It would seem that the best way for this Court to determine which statute of limitations is applicable to NJLAD is through an evolutionary analysis of N.J.S.A. 2A:14-1 and N.J.S.A. 2A:14-2. The history of New Jersey's statutes of limitations was detailed by the Supreme Court in the case of Earl v. Winne, 14 N.J. 119, 101 A.2d 535 (1953). This history is as follows:
As of February 7, 1779, New Jersey has an "Act for the Limitation of Actions," consisting of 17 subsections. The first two sections of that act are relevant to this inquiry.
The first section was the six-year limitation period. Among other things, it explicitly governed "all actions of account and upon the case, except actions for slander ..." The second section, a four-year statute, covered trespass actions involving direct physical harm such as "assault, menace, battery, wounding and imprisonment ..." A third section applied a two-year statute to "actions upon the case for words," presumably a reference to libel.
In 1874, the statute was revised. The revised statute retained the six-year statute for all actions ... upon the case, and the four-year statute for trespass vi et armis.
*666 In 1896, the legislature again revised the statute adopting a new section which retained the two-year limitation for "action upon the case for words," i.e., libel, but added to the two-year statute "all actions for injuries to the person caused by wrongful act, neglect or default of any person ... The phrase "injuries to persons" was meant to embrace only direct physical injury torts such as "assault, menace, battery, wounding, ..." etc. That new section, the precursor of New Jersey's current two-year statute impliedly repealed Section Two, the four-year statute for trespass vi et armis. It did not repeal the applicability of the six-year statute to actions on the case.
In a 1934 revision, the six-year statute continued to apply to all "actions in the nature of actions upon the case," and was designated R.S. 2:24-1. The two-year statute that originally specified "menace, assault, mayhem, etc.," was replaced by the language of the 1896 revision referring to "injuries to the person" and libel and slander were given a one-year statute in Section Three, now designated R.S. 2:24-3.
In a "recent revision" referred to but not identified by date in Earl, section One of the Act was rewritten and the phrase "any tortious injury to the rights of another" was substituted for specific common law references to "action on the case." See Earl v. Winne, 14 N.J. 119, 129-32, 101 A.2d 535).
The historical analysis makes it clear that the words in the current statute, N.J.S.A. 2A:14-1 (formerly R.S. 2:24-1), "any tortious injury to the rights of another," means all actions "in the nature of actions on the case", whereas, the phrase "injuries to persons," contained in N.J.S.A. 2A:14-2, (formerly R.S. 2:24-2 refers to actions in trespass vi et armis.
How is a NJLAD case to be characterized? Is it an action in the nature of an action on the case or is it one characteristic of a trespass vi et armis?
An action on the case, in Black's Law Dictionary, 51 (4th Ed. 1968), is defined as:

*667 It is founded on the common law or upon acts of Parliament, and lies generally to recover damages for torts not committed with force, actual or implied' or having been occasioned by force where the matter affected was not tangible, or the injury was not immediate but consequential, or where the interest in the property only in reversion, in all of which cases trespass is not sustainable ... In the progress of judicial contestation it was discovered that there was a mass of tortious wrongs unattended by direct and immediate force, or where the force, though direct, was not expended on an existing right of present enjoyment.
A trespass is defined as:
An unlawful act committed with violence, actual or implied, causing injury to the person, property or relative rights of another.
........
In practice a form of action, at the common law, which lies for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property or rights, by the immediate force a violence of the defendant. (Id. at 1674).
In Osborne v. Butcher, 26 N.J.L. 308 (1857), the New Jersey Supreme Court commented on the distinction between the two common law actions. In that case, the plaintiff filed an action of trespass vi et armis against the defendant for obstructing a road used by the plaintiff for egress from his farm. In holding that the action was properly brought as an action on the case, the court stated:
The gravamen is the obstruction of a by-road, and thereby depriving the plaintiff of its use. The obstructing and blocking up of the road may have been direct, immediate, willful, and forcible, but that was not to, or upon the land of the plaintiff or to his possession; it was not direct and immediate to him. The injury to him was the depriving him of the use of the by-road by reason of such obstruction. It was indirect and consequential, and therefore the subject of an action on the case, and not of trespass. (Id. at 309-10).
And in H.J. Jaegar Research Laboratories v. Radio Corporation of America, 90 F.2d 826, 827 (Cir.1937), the court, in characterizing a cause of action under the Sherman Anti-Trust Act as one similar to an action on the case, said:
... the Acts of New Jersey ... follow the British statute of James I in limiting actions of case to six years. That action was created to meet a recognized need in the administration of justice, namely, a special form of action for particular cases where the ancient form of action did not provide a remedy.
........

*668 `Actions of the case are founded on common law or upon acts of Parliament, and lie generally to recover damages for torts not committed by force, actual or implied;' ... (Id. at 827). (quoting 1 Chit.Pl. 133 and 142).
Historically, therefore, an action of trespass was proper for injury caused by a direct application of force, while an action on the case governed injuries which were indirect and consequential. The language of the current statutes of limitations is derivative of the common law limitation period. N.J.S.A. 2A:14-2 was intended by the legislature to cover claims of actual, physical injury such as negligence, assault and battery, and actions for trespass vi et armis. N.J.S.A. 2A:14-1 was intended to cover indirect injuries, actions on the case. Thus, in Earl v. Winne, supra, the court held that since the tort of false imprisonment involved "immediate wrongs accompanied by force to the person," and the torts of abuse of process and malicious prosecution involved only indirect action against the person, the former tort was covered by the two-year statute, while the latter torts were covered by the six-year statute.
And in Canessa v. Kislak, Inc., 97 N.J. Super. 327, 235 A.2d 62 (Law Div. 1967), the court held that the six-year statute of limitations is applicable to a claim for the tort of "invasion of privacy" involving the appropriation of one's name and likeness. The court reasoned that the two year statute of limitations set forth in N.J.S.A. 2A:14-2 only governs those claims involving direct physical injury and since an invasion of privacy is not an immediate physical affront, but rather a deprivation of a property right, and therefore an indirect tort, it is governed by the six year statute of limitations. Id. at 351, 235 A.2d 62.
Employment discrimination is an offensive, personal violation resulting in deprivation of one's right to equal employment opportunity. It is not a direct personal injury in the traditional sense but rather an indirect one such as that suffered by the farmer in Osborne v. Butcher whose driveway was wrongfully obstructed. The farmer's injury is that he cannot gain access to his house. The employee's injury is the deprivation of the *669 right to employment. Both are indirect injuries; as such, both are in the nature of "actions on the case."
Under the circumstances, this Court is of the opinion that NJLAD claims are characteristic of common law actions on the case. They are therefore governed by the six year statute of limitations: N.J.S.A. 2A:14-1.
Defendant's motion for summary judgment is denied.
NOTES
[1] See N.J.S.A. 2A:14-2.