GEORGE BURNS, PLAINTIFF-APPELLANT, v. BETHLEHEM
STEEL CO., A CORPORATION, DEFENDANT-RESPOND-
ENT.

Argued October 24, 1955—Decided November 21, 1955.

*Mr. Francis Sorin.* argued the cause for the appellant (*Mr. Noah Lichtenberg,* attorney).

*Mr. Edward J. O'Mara* argued the cause for the respondent (*Messrs. O'Mara, Schumann, Davis & Lynch,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a summary judgment entered in the Superior Court, Law Division, Hudson County, in favor of the defendant-respondent. The appeal was certified here on our own motion.

The plaintiff-appellant in this action seeks to recover for injuries incurred while he was employed by the respondent. In addition to the present suit the appellant filed on March 18, 1954 a claim for compensation with the Department of Labor and Industries, Division of Workmen's Compensation, in this State. On March 17, 1954 he advised the United States Department of Labor, Bureau of Employees' Compensation, of the filing of his claim with our Compensation Bureau. The purpose of that notice was to protect any right he might have under the Longshoremen's and Harbor Workers' Compensation Act, 33 *U. S. C. A.* § 901 *et seq.,* in the event our Bureau found it was without jurisdiction to

entertain his claim. Neither of these compensation claims have been litigated up to date.

The original complaint in this case was filed on November 5, 1954 but an amended complaint was subsequently filed on November 19, 1954. The complaint alleges, that "On or about November, 1949, and for some time prior thereto" plaintiff was a member of the Industrial Union of Marine and Shipbuilding Workers of America and while employed as a rigger in defendant's shipyard in Hoboken he received the injuries complained of among which was an impairment of his hearing due to noises and vibrations to which he was subjected while at work. The complaint further alleges non-compliance with *R. S.* 34:5–3 and *R. S.* 34:6–48, which provides for certain protection to be given a working man.

The appellant's action was brought by him on the theory that he was a third-party beneficiary under a contract entered into between his union and the respondent and seeks to recover for the personal injuries he sustained, which resulted from the defendant's alleged breach of the terms and conditions of this contract. The contract required the respondent to provide safeguards and safety devices for the benefit of respondent's employees. That contract expired by its own terms on June 23, 1950.

Defendant's answer set up, among others, the defense of lack of jurisdiction in the Superior Court, Law Division, and a further defense that the action was barred by the statute of limitations. The trial court granted the order for summary judgment on the ground that the action was barred by the two-year statute of limitations, *N. J. S.* 2A:14–2.

While other points are argued we consider that the dispositive question is: Whether or not the plaintiff's cause of action is barred by the two-year statute of limitations, *R. S.* 2:24–2, now *N. J. S.* 2A:14–2?

Appellant concedes that the action is one for personal injuries, but argues that since his cause of action is predicated upon a breach of the terms of the contract, the applicable statute is *N. J. S.* 2A:14–1 which fixes the period of limitation as six years. Where the damages sought are

for injuries to the person, the applicable statute is *R. S.* 2:24–2 (*N. J. S.* 2A:14–2) which fixes the period of two years, irrespective of the form of the action.

The predecessor statute to this statute, 3 *Comp. Stat.* 1910, *p.* 3164, § 3, which was nearly identical in all pertinent respects, was construed in *Weinstein v. Blanchard*, 109 *N. J. L.* 332 (*E. & A.* 1932), wherein plaintiff brought a malpractice action against a physician for personal injuries. It was held that regardless of the form of action, whether it be in tort or contract, if recovery is sought for injuries to the person the applicable section of the statute is that one limiting the time for bringing the action to two years. The court said, speaking of this section:

"It deals with injuries to persons resulting from the wrongful act, neglect, or default of another. Whether framed in tort or in contract, what gives rise to the action? Unskillful treatment. And so, whether the duty arises through law, the common law, or whether the duty arises out of a contractual relationship, is immaterial so far as the limitation of the action is concerned."

The *Weinstein* case was followed in *Martucci v. Koppers Co.*, 58 *F. Supp.* 707 (*D. C. D. N. J.* 1945), and its holding is in conformity with the great weight of authority which refuses to permit the results of litigation to turn on distinctions between various forms of action. See *e. g., Andrianos v. Community Traction Co.*, 155 *Ohio St.* 47, 97 *N. E. 2d* 549 (*Sup. Ct.* 1951). See also *Vandevoir v. Southeastern Greyhound Lines*, 152 *F. 2d* 150 (*7th Cir.* 1945), *certiorari* denied 327 *U. S.* 789, 66 *S. Ct.* 811, 90 *L. Ed.* 1016; *Jones v. Boggs & Buhl, Inc.*, 355 *Pa.* 242, 49 *A. 2d* 379 (*Sup. Ct.* 1946); Annotations 1 *A. L. R.* 1313 (1919); 157 *A. L. R.* 763 (1945). See 63 *Harvard L. Rev.* 1192.

At the time of the decision in the *Weinstein* case the third section of the statute of limitations to which the court referred read as follows:

" '3. Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after * * * [a]nd that all action hereafter accruing for *in-*

juries to persons caused by the *wrongful act, neglect or default* of any person or persons [firm or firms, individual or individuals, corporation or corporations within this state] shall be commenced and instituted within two years next after the cause of action shall have accrued and not after.' " (Italics supplied.)

In *Earl v. Winne*, 14 *N. J.* 119, 129 (1953), we noted that the changes as to style in this statute that were made by the revision of 1937, *R. S.* 2:24–2, were without significant meaning. The statute was further revised in 1951 when *Title 2* of the *Revised Statutes* was re-enacted, and it is the appellant's contention based on these changes in language that personal injuries arising out of contract fall within the six-year limitation, *N. J. S.* 2A:14–1.

■ Certainly the Legislature in the revision of 1951 did not intend a change as drastic as the plaintiff contends for, and we have specifically held that such changes as were made in language therein "do not evince a clear legislative intent to make a significant change in the meaning of the statute, and hence no such intention can be implied." *Earl v. Winne, supra.* We there said, with reference to the effect of the revision as it applied to the six-year statute of limitations:

"In the recent revision section 1 of the act was rewritten and following the prior pattern the generic terms and phrases 'any tortious injury to real or personal property' and 'any tortious injury to the rights of another' were again substituted for the specific common law references except as to 'trespass to real property' and 'replevin.' The common law references to the types of action were necessarily deleted because today we have no such action as such with their technical distinction, but a single form of action, 'a civil action.' *R. R.* 4:2."

Even if we were to assume that under the statute, as revised, personal injury actions arising out of breach of contract fall within the six-year limitation, such would not avail the plaintiff here.

The Legislature, in repealing former *Title 2*, provided as follows:

"4. Title 2 of the Revised Statutes, as amended and supplemented, is repealed, but such repeal shall not affect any right now vested

in any person pursuant to the provisions of said title, nor any remedy where an action or proceeding thereunder has heretofore been instituted and is pending on the effective date of said repeal." *L.* 1951, *c.* 344, *sec.* 4.

Plaintiff's alleged cause of action arose in November 1949, so that if the two-year limitation applied, as we hold, the time within which he might commence his action expired not later than December 1, 1951.

The effective date of the revision was January 1, 1952, and under the pre-existing statute, *R. S.* 2:24–2, plaintiff's cause of action had been extinguished. This being so defendant had a vested right of defense specifically reserved to it by the above repealing statute and plaintiff's alleged cause of action could not be revived. *State by Parsons v. Standard Oil Co.*, 5 *N. J.* 281 (1950), affirmed 341 *U. S.* 428, 71 *S. Ct.* 822, 95 *L. Ed.* 1078 (1951).

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.