HILLMAN v CONSUMERS POWER COMPANY

Docket No. 77-5210. Submitted November 9, 1978, at Detroit.—Decided June 6, 1979.

Plaintiff, George H. Hillman, Jr., filed a complaint with the Civil Rights Commission against defendant, Consumers Power Company, alleging race and age discrimination forcing his retirement. He then filed two successive suits in Federal court, which were voluntarily dismissed. A third suit was instituted which the Federal court dismissed with prejudice. The Civil Rights Commission, during the pendency of the third Federal court action, dismissed plaintiff's complaint. Plaintiff then filed suit in the Jackson Circuit Court alleging loss of salary, demotion and failure to promote based on age and racial discrimination and breach of contract. The court, Russell E. Noble, J., granted accelerated and summary judgment for defendant, holding that plaintiff failed to exhaust his administrative remedies and that the Federal law preempted the field. Plaintiff appeals. *Held:*

1. Plaintiff need not exhaust his administrative remedies before pursuing his "cumulative judicial remedies".

2. Federal law does not preempt the field of age or race discrimination in employment.

Reversed and remanded.

1. CIVIL RIGHTS — RACIAL DISCRIMINATION — AGE DISCRIMINATION — REMEDIES.

A litigant claiming race or age discrimination need not exhaust state administrative remedies before pursuing his "cumulative judicial remedies".

2. CIVIL RIGHTS — AGE DISCRIMINATION — RACIAL DISCRIMINATION — FEDERAL PREEMPTION.

Federal statutory preemption occurs when compliance with both Federal and state regulation is physically impossible, when the nature of the subject matter requires Federal supremacy and uniformity or when Congress intended to displace the state

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Rights § 500.
[2] 15 Am Jur 2d, Civil Rights §§ 357, 358.

legislation; regulation of employment with regard to age and race discrimination has not been federally preempted.

*Haynes & Donnelly, P.C.,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Seth M. Lloyd),* for defendant.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Plaintiff appeals from an August 9, 1977, decision of the Jackson County Circuit Court granting defendant's motions for accelerated and summary judgment, thereby terminating the plaintiff's action which alleged discrimination on account of age and race resulting in a loss of salary, demotion and failure to promote.

Plaintiff began employment with defendant in 1937. He advanced regularly through the ranks until 1970 when he suffered a demotion. Shortly thereafter, however, plaintiff was promoted to the position of Assistant Director for Customer Relations.

When the Director of Customer Relations vacated such position, plaintiff anticipated that he would be considered the logical choice to occupy that position. However, on April 1, 1974, a younger, black employee was named to such position. Plaintiff was then 58 years old. Plaintiff voluntarily retired several months thereafter.

On March 5, 1975, plaintiff filed a complaint with the Michigan Civil Rights Commission alleging that he had been denied promotion and effectively forced to retire because of his age and race. In April, 1975, plaintiff instituted suit in Federal

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court on the same grounds. That action and a later
Federal court action were voluntarily dismissed by
plaintiff following which a third complaint, also
based on age and race discrimination, was filed in
September, 1975. After determining that plaintiff
had failed to comply with the jurisdictional proce-
dural requirements of the Federal statute, and
particularly the notice requirements of 29 USC
626(d), the Federal court dismissed plaintiff's law-
suit with prejudice on June 14, 1976.

In the meantime, on December 16, 1975, the
Michigan Civil Rights Commission dismissed plain-
tiff's complaint on grounds of insufficient evidence.

Following such adverse determinations, plaintiff
commenced action in the Jackson County Circuit
Court in November of 1976, alleging breach of an
employment contract and damages for discrimina-
tion on account of age and race resulting in a loss
of salary, demotion and failure to promote.

In granting defendant's motions for accelerated
judgment and for summary judgment, the circuit
court concluded that plaintiff had failed to exhaust
his administrative remedies and that his suit was,
in any event, barred by the preemptive nature of
the Federal statute. Plaintiff thereupon appealed
to this Court and presents for adjudication two
issues; namely, whether plaintiff must first ex-
haust his administrative remedies, and whether
the Federal statute preempts the field.

I

Statutory remedies are not exclusive, and plain-
tiff need not exhaust state administrative remedies
before pursuing his "cumulative judicial remedy"
available to persons claiming race or age discrimi-
nation. Such principle has been established beyond

dispute by the Michigan Supreme Court in *Holmes v Haughton Elevator Co,* 404 Mich 36, 41-42; 272 NW2d 550 (1978), *Pompey v General Motors Corp,* 385 Mich 537, 559-560; 189 NW2d 243 (1971).

## II

The question as to whether the Federal age discrimination in employment statute, 29 USC 621-634, preempts state regulation of age discrimination in employment, appears to be a question of first impression in the State of Michigan.

Federal preemption occurs when compliance with both Federal and state regulations is physically impossible, when the nature of the subject matter requires Federal supremacy and uniformity or when Congress intended to displace the state legislation. *Florida Lime & Avocado Growers, Inc v Paul,* 373 US 132, 142-152; 83 S Ct 1210; 10 L Ed 2d 248 (1963).

It is possible for an employer to comply with both state and Federal statutes by refraining from employment discrimination based on age.

A careful review of the Federal statute indicates that Congress did not expressly or impliedly oust the states from their power to legislate as to age discrimination. To the contrary, the Federal act anticipates and encourages state regulation. 29 USC § 633(a) specifically states that the Federal law will not affect the jurisdiction of state agencies performing like functions and 29 USC § 633(b) gives state proceedings certain priorities over Federal actions relating to age discrimination. *Simpson v Alaska State Comm for Human Rights,* 423 F Supp 552, 555-556 (D Alas, 1976).

Preemption cannot be inferred alone from the

comprehensive nature of the Federal legislation. *New York State Dep't of Social Services v Dublino,* 413 US 405, 414-415; 93 S Ct 2507; 37 L Ed 2d 688 (1973).

Historically, states have exercised broad powers in the regulation of employment practices. Thus, the subject matter falls within the ambit of traditional state regulation. *DeCanas v Bica,* 424 US 351, 356-357; 96 S Ct 933; 47 L Ed 2d 43 (1976), recognized traditional state authority and power to regulate the employment relationship even when the specific subject regulated was the employment of illegal aliens. The Court so held despite the fact that immigration and naturalization and the regulation of aliens in general are matters clearly within the scope of Federal powers and concern. (US Const, art I, § 8[4]).

Defendant argues that state remedies conflict with the informal voluntary compliance provisions of Federal law. Different remedies are provided in the state and Federal statutes. However, § 633(b) of the Federal statute accords a degree of priority to state enforcement in preference to Federal enforcement. From such subordination, we infer that Congress, as a general principle, intended to encourage state enforcement rather than Federal and did not consider state litigation to be inconsistent with Federal enforcement.

Defendant further argues that, while the Federal statute recognizes state statutory regulation of age discrimination, by omitting recognition of nonstatutory, judicial remedies, such remedies are preempted. We disagree. Once the power of the state to regulate is conceded, the remedy and mode of enforcement is a matter of state discretion, absent such a conflict with Federal remedies as will require application of the doctrine of Fed-

eral supremacy. No such conflict exists on the facts of this case.

Defendant would have us strike down the "cumulative judicial remedy" in a state court recognized by the *Holmes* and *Pompey* decisions for civil rights claimants. We find no sound basis to conclude that the Federal statute prohibiting employment discrimination because of age precludes judicial remedies in a state court.

Neither basis relied upon by the trial court and presented to this Court for decision on appeal justified a dismissal of plaintiff's action.

Reversed and remanded for further proceedings.