197 N.J. Super. 468 (1984)
485 A.2d 312
FRED S. NOLAN, RALPH R. BATTISTA, CHARLES W. CLEARY, JOSEPH A. DAVIS, WILLIAM J. DAVITT, JR., ANTHONY G. GOMES, JAMES HALLECK, DONALD C. HALLIWELL, PHYLLIS J. GORLEY KERKAWICH, JOSEPH M. KARKOSKY, JR., CHARLES KERR, PATRICK J. LARGEY, JR., ARMOND MACHADO, EDWARD M. MCBRIDE, THOMAS P. NUGENT, PETER J. REILLY, HERMAN J. RUSSOMANNO, EUGENE A. SCANNEPICO, RAYMOND J. SMITH, JOHN T. STARR, HAROLD C. STOLL, LOUIS C. TREMBLE, JAMES VAN BRAMER, WALTER WARD AND DANIEL M. WATSON, PLAINTIFFS-APPELLANTS,
v.
OTIS ELEVATOR COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1984.
Decided November 29, 1984.
*470 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
William S. Greenberg argued the cause for appellants (Greenberg, Kelley & Prior, attorneys; William S. Greenberg of counsel and on the brief and James F. Schwerin on the brief).
John D. Horan and Peter F. Healey argued the cause for respondent Otis Elevator Company (Goodman, Stoldt, Breslin & Horan, attorneys; John D. Horan and Peter F. Healey on the brief).
Corinne L. McGovern, Deputy Attorney General, argued the cause for intervenor New Jersey Division of Civil Rights (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel and Corinne L. McGovern on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
On December 31, 1980 defendant closed its Harrison plant, resulting in a significant reduction in its work force. A plan was formulated, known as The Harrison Special Supplemental Retirement Plan, under which managerial employees with a minimum of 25 years of service who were over 55 years of age *471 could elect early retirement with substantial supplemental benefits. The plaintiffs herein, who also had a minimum of 25 years of service, but who were under 55 years of age, were awarded severance pay amounting to one week's salary for each year of service as was defendant's usual severance policy. These individuals were denied the benefits of The Harrison Special Supplemental Retirement Plan and brought this action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. for relief in the form of termination benefits equal to those received by former employees who were over 55. An order for summary judgment was entered in the Law Division in favor of defendant, from which plaintiffs now appeal, on the ground that the controversy is preempted by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1144(a). ERISA is a regulatory enactment designed to protect the interests of employees and their beneficiaries in employee fringe benefits and to set standards and responsibilities for fiduciaries of those benefit plans. It does not deal with the subject of discrimination in the provision of employee benefits.
The order under review rests on § 514(a) of ERISA, 29 U.S.C.A. § 1144(a). That subparagraph preempts "... any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" regulated by ERISA. It is clear that the plan in question comes within the scope of the foregoing language. However, § 514(d), 29 U.S.C.A. § 1144(d), provides that the law shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." Plaintiffs argue before us, as they did in the Law Division, that because the effect of preemption of the New Jersey Law Against Discrimination would be to modify and impair the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 623(a)(1) & (2), the case is excepted from preemption by § 514(d). The Law Division rejected this contention, reasoning that because the ADEA "is a self-contained independent statute [which] does not rely solely on state *472 statutes for enforcement * * * pre-emption of N.J.S.A. 10:5-1 would not `impair or supercede' the ADEA." In the view of the Law Division this analysis was required by Shaw v. Delta Airlines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).
The question before the court in Shaw v. Delta Airlines, Inc., supra, was whether an action brought under the New York Human Rights Law alleging discrimination on the basis of pregnancy was preempted by ERISA. The case arose before the effective date of the federal Pregnancy Discrimination Act of 1978, 42 U.S.C.A. § 2000e(k), amending Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e. Appellants there argued that by preempting the New York law the means by which Title VII is enforced would be altered and the case therefore came within the exception created by § 514(d). The Supreme Court noted that although the state law played a significant role in the enforcement of Title VII, the exception to preemption was only intended to apply to "nonconflicting state laws." 463 U.S. at ___, 103 S.Ct. at 2902, 77 L.Ed.2d at 503. Accordingly, the Court's decision that the state law was partially preempted by ERISA turned on the fact that the former prohibited a form of discrimination not prohibited by Title VII. As the court stated, preemption of state laws which "prohibit employment practices that are lawful under Title VII" would not impair Title VII within the meaning of § 514(d). 463 U.S. at ___, 103 S.Ct. 2902, 77 L.Ed. at 504.
In this case the complaint rests on the factual contention that the discrimination claimed to be in violation of the New Jersey Law Against Discrimination also violates ADEA. Assuming, as we must for purposes of this appeal, that this contention will be supported by the proofs, we are therefore not confronted by the obstacle to relief found in Shaw v. Delta Airlines, Inc., supra.
That preemption of the New Jersey Law Against Discrimination would impair federal law appears to be affirmatively *473 answered by the reasoning of Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609, (1979). There the Court decided that § 14(b) of the ADEA, 29 U.S.C.A. § 633(b), required the complainant to file a state action, where available, and wait a specified number of days before bringing a federal action under the federal statute. This result was explained in the following language:
We therefore conclude that § 14(b), like § 706(c) [of Title VII], is intended to screen from the federal courts those discrimination complaints that might be settled to the satisfaction of the grievant in state proceedings. We further conclude that prior resort to appropriate state proceedings is required under § 14(b), just as under § 706(c). [441 U.S. at 756, 99 S.Ct. 2071, 60 L.Ed.2d at 616].
If prior resort to state proceedings is a condition precedent to filing a federal action under ADEA, it follows that preemption of such state proceedings by ERISA necessarily impairs or modifies the federal law. The dependency of the ADEA upon state law in enforcing federal prohibitions is further shown by the following language of § 14(a) of the federal statute, 29 U.S.C.A. § 633(a):
Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.
We conclude that a sufficient interrelationship exists between the federal Age Discrimination in Employment Act and the New Jersey Law Against Discrimination so that preemption by ERISA of the state statute would result in impairment of the federal.
Defendant contends here that the action is barred by the time limitations expressed in the New Jersey Law Against Discrimination and the Statute of Limitations, N.J.S.A. 2A:14-2. In our view the requirement that the complaint be filed within 180 days after the alleged act of discrimination, N.J.S.A. 10:5-18, has reference only to administrative proceedings initiated within the Division of Civil Rights. Moreover, we conclude that the applicable time limitation is that stated in N.J.S.A. 2A:14-1, *474 "6 years next after the cause of action shall have accrued." On this view the action is timely brought.
Defendant's final contention is that the order for summary judgment was properly entered, notwithstanding plaintiffs' claims to the contrary, because the factual proofs will not support a finding of discrimination under the ADEA. It is settled that summary judgment should be denied unless the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to such judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). It is the movant's burden to exclude reasonable doubt as to the existence of a genuine issue of fact and all doubts must be resolved against the moving party. Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963); United Advertising Corp. v. Metuchen, 35 N.J. 193, 196 (1961).
The factual allegations before us clearly present an instance of discrimination wherein individuals of one age category have been offered benefits not offered to those of another age group on the basis of age alone. See E.E.O.C. v. Bordens, 724 F.2d 1390, 1393 (9th Cir.1984). The Age Discrimination in Employment Act provides at 29 U.S.C.A. § 623(a) that it shall be unlawful for an employer
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
(2) to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age ...
In connection therewith, 29 U.S.C.A. § 623(f)(2) provides that it shall not be unlawful for an employer to observe the terms of any "bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter ..." As to this, plaintiffs claim that the benefit plan was not "bona fide," and that it was a subterfuge to avoid the purposes of the ADEA. Under these *475 circumstances it has been held that an employee's motion for summary judgment requires the employer to make a prima facie showing that the plan does not serve the purpose of a subterfuge. Smart v. Porter Paint, 630 F.2d 490, 495 (7th Cir.1980). We conclude that a resolution of these controverted issues must depend upon factual findings which can only be reached upon a full record. In so saying, we do not imply that a plenary trial must necessarily result in a jury question or a material issue of fact.
We only indicate the necessity in this case of a judge making the legal determinations on which the parties' rights hinge on a full and complete record. If, on a plenary hearing, the judge finds no factual issue present or finds a moving party is entitled to judgment as a matter of law, then judgment should be entered accordingly. [McGowan v. Borough of Eatontown, 151 N.J. Super. 440, 446 (App.Div. 1977).]
Also, see Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142-143 (1969), as to the important considerations of policy which are plainly implicated.
Reversed.