233 N.J. Super. 319 (1989)
559 A.2d 1
ROSCOE D. FISHER, JR., PLAINTIFF-APPELLANT,
v.
THE QUAKER OATS COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1989.
Decided May 19, 1989.
*320 Before Judges GAULKIN and BILDER.
Frederick W. Rose argued the cause for appellant (Young, Rose & Millspaugh, attorneys, Frederick W. Rose and Dennis B. O'Brien, on the brief).
Rita L. Martinez, of the Illinois bar, argued the cause pro hac vice for respondent (Mattson, Madden & Polito, attorneys; Rita L. Martinez and Francis T. Giuliano, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
On this appeal we must determine whether the six-year period permitted for the filing of an age discrimination complaint under our Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.; see Nolan v. Otis Elevator Co., 197 N.J. Super. 468, 473-474 (App.Div. 1984), rev'd on other grounds, 102 N.J. 30 (1986), cert. den., 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 38 (1986), has been preempted by the shorter limitation period of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 et seq. Plaintiff Roscoe *321 Fisher appeals from an order of the Law Division dismissing his age discrimination action as time-barred because it was brought after the expiration of the federal limitation period.

I.
According to his complaint, plaintiff worked for defendant Quaker Oats Company from 1972 until 1985. From about July 1978, he was the New York Territory Manager of defendant's frozen foods sales department. On April 1, 1985 he was terminated without reason. He alleges he was terminated because of his then age, 49 1/2, in violation of the NJLAD.

II.
We are satisfied that the trial court's reliance upon Nolan v. Otis Elevator Co., 102 N.J. 30 (1986) was misplaced. The question there was whether the limitation period of NJLAD was preempted by the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 et seq. Nolan, 102 N.J. at 32. As Justice O'Hern noted, ERISA sought federal uniformity; it displaced all state regulation. Id. at 38. "[ERISA] includes one of the most sweeping preemption provisions ever contained in any federal program." Ibid. The question with which we are concerned was specifically distinguished.
The critical question is not whether the ADEA preempts the NJLAD in a suit brought in state court. The critical question is whether the suit brought under the longer period of limitation, without any state mediative process, furthers the goals of the ADEA so as to escape ERISA preemption. [Id. at 46].

III.
Unlike ERISA, which specifically supplanted all state regulation, see 29 U.S.C.A. § 1144a, ADEA represents cooperative federalism. Congress not only preserved State antidiscrimination jurisdiction but required initial federal deference where appropriate state relief is available. See 29 U.S.C.A. § 633. As with Title VII of the 1964 Civil Rights Act, 42 U.S.C.A. *322 § 2000e et seq. (which covered race, color, religion, sex and national origin), ADEA preserved existing age discrimination laws and guaranteed to the states having such laws an initial opportunity to resolve charges of discriminatory conduct. See Simpson v. Alaska State Com'n for Human Rights, 423 F. Supp. 552, 556 (D. Alaska 1976), aff'd, 608 F.2d 1171 (9th Cir.1979); Maine Human Rights Com'n v. Kennebec Water Power, 468 A.2d 307, 310 (Me. 1983); also Kremer v. Chemical Construction Corp., 456 U.S. 461, 468-469, 102 S.Ct. 1883, 1890-91, 72 L.Ed.2d 262 (1982). Congressional intent to recognize consistent state legislation has been recognized in a Department of Labor regulation: "The ADEA does not preempt State age discrimination in employment laws." 29 C.F.R. § 1625.10(g) (1988).
ADEA was essentially an extension of Title VII to include age discrimination within the general concepts of equal employment opportunity. See generally discussion in EEOC v. Wyoming, 460 U.S. 226, 229-231, 103 S.Ct. 1054, 1056-57, 75 L.Ed.2d 18 (1983). Decisions interpreting the federal-state relationship under Title VII are therefore generally applicable for interpreting ADEA.

IV.
The specific question before us is whether the limitations period provided by our state law, NJLAD, has been preempted by the shorter period provided for in the ADEA. Where, as here, Congress has not displaced state regulation, preemption exists only to the extent the state law actually conflicts with federal law. See California Federal S & L Assn. v. Guerra, 479 U.S. 272, 281, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987); Simpson v. Alaska State Com'n for Human Rights, supra at 555. Such a conflict occurs either because compliance with both federal and state regulations is impossible or because enforcement of the state law would frustrate the federal legislation. Ibid. The scope of the preemption is thus very narrow. See California Federal S & L Assn. v. Guerra, supra, 479 *323 U.S. at 282-283, 107 S.Ct. at 690. Here the goal of equal employment opportunity is enhanced by availability of the longer parallel right of state action. Recognition of the longer state statute of limitations imposes no burden on the federal right nor does it in any way impinge upon that right. Cf. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (state limitations period shorter than that of the ADEA). To the contrary, the continued availability of the state created remedy promotes the equal opportunity goal.
Though the effect of ADEA on a longer state limitation period has not been previously dealt with, the broad question of the viability of greater rights under state law has been considered by courts and the state protections upheld. Thus, age discrimination statutes which protect persons outside the federally protected age group have been sustained. Simpson v. Alaska State Com'n for Human Rights, supra; Maine Human Rights Com'n v. Kennebec Water Power, supra. So too have state laws which permit damages for age discrimination. Cancellier v. Federated Dept. Stores, 672 F.2d 1312 (9th Cir.1982), cert. den., 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982) (breach of implied covenant of good faith and fair dealing); Pettibon v. Pennzoil Products Co., 649 F. Supp. 759 (W.D.Pa. 1986) (emotional distress); Bailey v. Container Corp. of America, 594 F. Supp. 629 (S.D. Ohio 1984) (compensatory and punitive damages); Mason v. Midwestern Fidelity Corp., 589 F. Supp. 751 (S.D. Ohio 1984) (compensatory and punitive damages); Hillman v. Consumers Power Co., 90 Mich. App. 627, 282 N.W.2d 422 (1979) (judicial remedies generally).
Similarly, courts have said that Title VII does not prevent states from enforcing more expansive discrimination laws. See California Federal Sav. & Loan Ass'n v. Guerra, 758 F.2d 390, 394 (9th Cir.1985), aff'd, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987) (pregnancy disability leave); Bohemian Club v. Fair Employ. & Housing Com'n, 187 Cal. App.3d 1, 231 Cal. Rptr. 769 (1st Dist. 1986) (gender discrimination in *324 private clubs); also Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103, 103 S.Ct. 2890, 2903, 77 L.Ed.2d 490 (1983).
We entertain no doubt that the limitation periods applicable to our Law Against Discrimination have not been preempted by the federal Age Discrimination in Employment Act.
Reversed.