258 N.J. Super. 563 (1992)
610 A.2d 898
JESSICA MONTELLS, PLAINTIFF-APPELLANT,
v.
RONALD HAYNES, ROBERT WITTY, VINCENT SCARDA, ROBERT SANDLER, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INC., XYZ CORPORATION AND JOHN DOE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1992.
Decided July 31, 1992.
*564 Before Judges O'BRIEN, HAVEY and CONLEY.
Clifford A. Herrington argued the cause for appellant (Margulies, Wind, Herrington & Katz, attorneys; Clifford A. Herrington, on the brief).
*565 Robert Drewes argued the cause for respondent Ronald Haynes (Stryker, Tams & Dill, attorneys); Michael J. Sheehan, admitted pro hac vice, argued the cause for respondents Robert Witty, Robert Sandler, American International Group, Inc. and American International Adjustment Company, Inc. (Donington, Leroe, Salmond, Luongo, Ronan, Connell & Stroumtsos, attorneys; Robert Drewes and Michael J. Sheehan, on the joint brief).
Respondent Vincent Scarda did not submit a brief.
The opinion of the court was delivered by O'BRIEN, J.A.D.
Plaintiff appeals from the dismissal of her eight-count complaint alleging various claims arising out of alleged sexual harassment and discrimination in her employment. We affirm.
Plaintiff was employed as a litigation examiner by defendant American International Adjustment Company, Inc. (AIA) from December 1986 until her resignation, which became effective May 13, 1987. She contends she was forced to resign from her position because of sexual harassment by her manager, defendant Ronald Haynes (Haynes) of which the other defendants tacitly approved since they failed to take remedial action despite her complaints.
On May 23, 1989, plaintiff filed an eight-count complaint. In the first count, after identifying all of the defendants and alleging that the actions of Haynes are imputed to them on the basis of respondeat superior, plaintiff alleges she was constructively wrongfully discharged because of the sexually hostile atmosphere created by Haynes. She alleges that Haynes' conduct discriminated against her in violation of the Law Against Discrimination (LAD) (N.J.S.A. 10:5-1 to 38). After setting forth the factual basis of the sexual harassment, plaintiff alleges that as a result she suffered emotional and mental distress, has been deprived of the opportunity to pursue her normal course of employment and has otherwise been damaged, *566 seeking compensatory damages "for pain, suffering and humiliation, punitive damages, attorneys fees, interest and costs."
In the second count, plaintiff alleges a "second and separate cause of action." After repeating the allegations of the first count, she alleges that her employment contract, which was partially oral and partially written, implied a covenant of good faith and fair dealing which was violated and she seeks punitive damages "because the actions taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage her." The ad damnum clause again seeks compensatory damages for "pain, suffering and humiliation."
The third count alleges intentional infliction of emotional distress. The fourth count alleges that defendant negligently caused a sexually hostile atmosphere to exist which resulted in her constructive discharge. The fifth count alleges intentional interference with her future economic opportunity and earning capacity, and the sixth count alleges that such interference was negligent. The seventh count alleges that Haynes' conduct constituted negligent assault and battery upon her, and the eighth count alleges that his conduct constituted an intentional assault and battery. The ad damnum clause for each of these counts also seeks damages for "pain, suffering and humiliation." Answers were filed by all defendants except Vincent Scarda, who was not served. The complaint was dismissed as to defendant Maurice R. Greenberg for lack of in personam jurisdiction.
Initially, the trial judge dismissed counts two through eight, concluding they were barred as not having been instituted within two years after the cause of action accrued under N.J.S.A. 2A:14-2. By leave granted, defendants appealed from the denial of their motion to dismiss the first count seeking damages for personal injuries sustained as a result of sexual harassment and discrimination in violation of LAD.
*567 By our decision of April 10, 1991, bearing docket number A4474-89T5F/A4475-89T5F, we remanded the matter to the trial judge for reconsideration of his decision denying the motion to dismiss the first count. In that opinion we did not address the dismissal of counts two through eight as untimely under the two-year statute of limitations applicable to personal injury claims, since plaintiff had not cross-appealed from that determination and the issue was not before us. On remand, the trial judge concluded that the two-year statute of limitations also applied to plaintiff's LAD claim in the first count, which he dismissed by order of July 11, 1991. Plaintiff now appeals from the dismissal of her entire complaint.
The trial judge made a finding that plaintiff's cause of action arose no later than May 13, 1987. Although she had tendered her resignation as of the end of April 1987 and apparently did not come to work after May 6, 1987, she was paid and considered an employee through May 13, 1987. Thus, her complaint filed on May 23, 1989 was filed more than two years after the cause of action for personal injuries accrued.
Plaintiff apparently concedes that some of her claims come within the limitation of N.J.S.A. 2A:14-2 as claims for personal injuries. However, she asserts that in her complaint she alleges breach of contract, tortious interference with contract and prospective economic advantage, which she alleges are covered by the six-year statute, N.J.S.A. 2A:14-1. We disagree. These claims are based on the direct conduct of defendants and the injuries she alleges she suffered are personal in nature. The two-year statute of limitations applies where the gravamen of plaintiff's complaint is injury to the person. See Burns v. Bethlehem Steel Co., 20 N.J. 37, 118 A.2d 544 (1955) where the Court stated:
Appellant concedes that the action is one for personal injuries, but argues that since his cause of action is predicated upon a breach of the terms of the contract, the applicable statute is N.J.S. 2A:14-1 which fixes the period of limitation as six years. Where the damages sought are for injuries to the person, the applicable statute is R.S. 2:24-2 (N.J.S.A. 2A:14-2) which fixes the *568 period of two years, irrespective of the form of the action. [Id. at 39-40, 118 A.2d 544]
See also Rothman v. Silber, 83 N.J. Super. 192, 197, 199 A.2d 86 (Law Div. 1964) (the law in New Jersey is that the two-year statute applies to personal injuries, regardless of whether they arise out of tort or breach of contract), and Heavner v. Uniroyal, Inc., 118 N.J. Super. 116, 286 A.2d 718 (1972), aff'd 63 N.J. 130, 305 A.2d 412 (1973) (despite contractual theory for breach of implied warranty of merchantability, two-year limitation period applied where purchaser of product suffered personal injuries alleged as a result of the breach).
It is clear that in this case all of the injuries plaintiff alleges she suffered are personal injuries, even though the cause of action may have in part arisen out of contract or unlawful interference with a contract or prospective economic advantage. We conclude that the dismissal of counts two through eight as being untimely under N.J.S.A. 2A:14-2 was proper.
We next address plaintiff's contentions with respect to count one alleging her LAD claim. Once more the ad damnum clause seeks compensatory damages for "pain, suffering and humiliation." She alleges she sustained emotional and mental distress and has been deprived of the opportunity to pursue her normal course of employment.
Initially, it is clear that plaintiff does not seek to recover for economic loss by reason of the constructive termination of her employment. As noted, plaintiff's position with AIA ended on May 13, 1987. At that time, her salary was $27,500. Five days later, she began working as a claims representative for CNA at a starting salary of $30,000, and when she left that company she was earning $34,500. In October of the year in which she was deposed, she was working as a claims supervisor for U.S. Aviation Underwriters at an annual salary of $45,000. In her complaint plaintiff made no claim for economic loss as a result of the constructive termination of her employment with defendant AIA for obvious reasons. Rather, her claim once more is *569 for personal injuries arising out of the sexual harassment and sexual discrimination under LAD. Thus, we conclude that plaintiff's claim for damages for personal injuries sustained as a consequence of defendant's violation of LAD is governed by the two-year statute of limitations for personal injuries under N.J.S.A. 2A:14-2. We reject plaintiff's claim that her cause of action under this count is governed by the six-year statute, N.J.S.A. 2A:14-1, as arising out of the employment contract.
Plaintiff relies upon a Law Division decision in Leese v. Doe, 182 N.J. Super. 318, 440 A.2d 1166 (Law Div. 1981), where the court ruled that plaintiff's claim was governed by N.J.S.A. 2A:14-1. In reaching his decision in that case, the trial judge relied upon Davis v. United States Steel Supply, 581 F.2d 335 (3rd Cir.1978), cert. denied, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983) which had applied a six-year statute to a Title VII claim pursuant to 42 U.S.C.A. § 1981. However, subsequent to the Law Division decision in Leese v. Doe, the Davis ruling was overruled by the Supreme Court in Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), where the Court concluded that the Pennsylvania personal injury statute of limitations applied to a § 1981 claim. Moreover, plaintiff's claims in Leese appear to have been for economic loss alleging she had been refused employment as a truck driver and thus had been discriminated against.
In denying defendant's initial motion to dismiss the first count of plaintiff's complaint the judge was substantially persuaded to apply the six-year statute to the LAD claim in reliance upon language of our Supreme Court in Shaner v. Horizon Bancorp., 116 N.J. 433, 561 A.2d 1130 (1989). As we pointed out in our remand decision, subsequent to the trial judge's decision, the Legislature amended certain sections of LAD effective April 16, 1990, and in a committee statement indicated that the amendment was to address the right to a jury trial in an LAD claim, which the Supreme Court had concluded was not available.
*570 Specifically, L. 1990, c. 12, § 1, amends N.J.S.A. 10:5-3 to incorporate the following language:
The Legislature further finds that because of discrimination, people suffer personal hardships, and the State suffers a grievous harm. The personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act. Such harms have, under the common law, given rise to legal remedies, including compensatory and punitive damages. The Legislature intends that such damages be available to all persons protected by this act and that this act shall be liberally construed in combination with other protections available under the laws of this State.
And N.J.S.A. 10:5-13 was amended to include the language:
Upon the application of any party, a jury trial shall be directed to try the validity of any claim under this act specified in the suit. All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute.
As we also noted in our earlier opinion in this case, the Legislature has included physical and emotional stress, severe emotional trauma, illness and the like, in its delineation of the personal hardships that may be suffered by people because of discrimination. These are all categories of personal injury subject to the two-year statute of limitations under N.J.S.A. 2A:14-2.
When the Legislature has decided to change the time period for the limitation of an action, it has had no hesitancy in doing so. For example, in the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to 8, the Legislature established in N.J.S.A. 34:19-5 a period of one year within which a civil action may be instituted. Nonetheless, in its amendment to N.J.S.A. 34:19-5, to provide for a jury trial, it also included a provision that all remedies available in common law tort actions shall be available to the prevailing plaintiff. Thus, personal injury claims under that act have a one-year rather than a two-year statute of limitations.
*571 The LAD was first enacted in 1945 as a comprehensive piece of legislation. It included findings and declarations of the Legislature, which were amended in 1977 to include a paragraph declaring its opposition to practices of discrimination, and in 1990 to recite some of the personal hardships that may result, which include both economic loss and personal injuries. The act created the Division on Civil Rights (N.J.S.A. 10:5-6) and provided for its composition as well as the powers and duties of the Attorney General and the Commission. Initially, it provided for the filing of a complaint with the Attorney General (later amended to filing with the Division) and provided that the complaint must be filed within 180 days after the alleged act of discrimination. N.J.S.A. 10:5-18. N.J.S.A. 10:5-13 was amended to provide that a complainant may initiate suit in the Superior Court under the act without first filing a complaint with the Division or any municipal office. However, the amendment did not provide for a separate limitation of time, except that the amendment reads in part, "Any complaint filed in the Division or in any municipal office pursuant to this act must be so filed within 180 days after the alleged act of discrimination." We have held that the requirement that the complaint be filed within 180 days after the act of discrimination and N.J.S.A. 10:5-18 has reference only to administrative proceedings initiated within the Division on Civil Rights. Nolan v. Otis Elevator Co., 197 N.J. Super. 468, 473, 485 A.2d 312 (App.Div. 1984), rev'd on other grounds, 102 N.J. 30, 505 A.2d 580, cert. denied, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 38 (1986).[1]
We find nothing in the LAD to express a legislative intent that for personal injuries sustained as a result of discrimination under LAD that the limitation for bringing such an action *572 should be anything other than the standard statute of limitation for personal injury claims, N.J.S.A. 2A:14-2.
Plaintiff next argues that if we determine that the two-year statute of limitations applies to LAD claims for personal injuries that we not apply that determination retroactively to her. Plaintiff cites Chevron Oil v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), where the Court stated the general rule as to retroactivity is:
The decision to be applied nonretroactively must establish a new principle of law, either by overruling clear precedent on which litigants have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.
[404 U.S. at 106, 92 S.Ct. at 355, 30 L.Ed.2d at 306]
Accord, Coons v. American Honda Co., 96 N.J. 419, 427, 476 A.2d 763, cert. denied, 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985). In Grigoletti v. Ortho Pharmaceutical Corp., 118 N.J. 89, 116, 570 A.2d 903 (1990), the Supreme Court stated:
If application of the decision clearly upsets the settled order of things and results in unfair surprise and hardship this would be a telltale that it ought to be given only prospective effect.
Plaintiff argues that she relied upon the decisions in Leese v. Doe, supra, Nolan v. Otis Elevator Co., supra, Fisher v. Quaker Oats, 233 N.J. Super. 319, 559 A.2d 1 (App.Div. 1989), certif. denied, 117 N.J. 628, 569 A.2d 1331 (1989), and Skadegaard v. Farrell, 578 F. Supp. 1209 (D.N.J. 1984). The Nolan and Fisher cases were for economic loss based on age discrimination. The Skadegaard case, in which the court specifically observed that personal injury claims were not involved, relied upon Leese v. Doe. Leese in turn relied upon Davis v. United States Steel Supply, which was overruled by the Supreme Court in Goodman v. Lukens Steel Co. in 1987, long before plaintiff filed her complaint. In this case, plaintiff's complaint sought recovery solely for personal injuries notwithstanding the theories of recovery, including the claim based on the LAD. However, it is the injury and relief sought that dictates which limitation period applies rather than the legal basis of recovery. See Heavner v. Uniroyal, Inc., supra. We therefore find no *573 reason why the usual rule of retroactivity should not apply to bar plaintiff's claim.
Affirmed.
NOTES
[1] In Nolan we also stated that the applicable time limitation is that stated in N.J.S.A. 2A:14-1. However, in that case the claim was for economic loss and not for personal injuries.