629 A.2d 1359

JOHN RUMBAUSKAS, PLAINTIFF–APPELLANT, v. EDWARD A. CANTOR, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1993—Decided July 29, 1993.

Before Judges PRESSLER, R.S. COHEN and MUIR, Jr.

*Kenneth K. Lehn* argued the cause for appellant (*Franzblau, Dratch & Friedman,* attorneys, *Mr. Lehn,* and *David N. Butler* on the brief).

*Shalom D. Stone* argued the cause for respondent (*Walder, Sondak, Berkeley & Brogan,* attorneys, *Justin P. Walder* of counsel, *Mr. Stone* on the brief).

The opinion of the court was delivered by

COHEN, R.S., J.A.D.

Plaintiff's complaint was in two counts. One of them charged defendant with committing civil RICO violations. *N.J.S.A.* 2C:41–4.. That count was properly dismissed for failure to state a cause of action. Because there was nothing alleged in the complaint which involved "racketeering activity" (*N.J.S.A.* 2C:41–1a) or an

"enterprise" (*N.J.S.A.* 2C:41–1c), we affirm the dismissal of the RICO count.

The other count charged defendant with invasion of plaintiff's right of privacy. The judge dismissed that count on the thesis that it was barred by the two-year statute of limitations. *N.J.S.A.* 2A:14–2. Plaintiff appeals, arguing that the six-year statute of limitations controls. We reverse the dismissal.

The allegations of plaintiff's invasion-of-privacy count are bizarre. Plaintiff and Diana Johnson were both Exxon employees. They "met and became friendly." Johnson then went to work for defendant's business. Defendant "began making romantic advances and overtures to Johnson" while plaintiff "was romantically involved with her." Defendant threatened plaintiff to cease his relationship with Johnson, as defendant "was pressuring her to become engaged to or wed him." Defendant "ordered" Johnson to terminate her relationship with plaintiff. He told her that, if she saw defendant again, he would hire someone to kill both of them. Defendant hired men to follow and observe Johnson and plaintiff.

Johnson left defendant's employ. He continued to pursue her. He put up a two-foot sign on a fence around one of his industrial buildings which said "DIXU Score E–1 J–0." Plaintiff interpreted the legend to mean "Diana I love you. Score Edward–1, John–0." Another sign, about eight feet long, appeared on the same property at another time. It said, "DIXU FU JR." Plaintiff's initials are JR.

Various other forms of threats and harassments were directed at Johnson and, through her, to plaintiff. They threatened Johnson's custody of her daughter, and plaintiff's job, safety, and life. Defendant put plaintiff under surveillance. He sent a letter to plaintiff's home on the letterhead of Sotheby's in New York which referred to a visit there by plaintiff and his "daughter Diana." Such a reference might have puzzled plaintiff's wife, who lived with him and knew he did not have a daughter Diana. Or, it might have been intended to warn plaintiff that defendant meant to reveal plaintiff's affair to plaintiff's wife. State Police investi-

gated telephoned threats received by plaintiff, and confirmed that defendant was connected with them. When defendant was arrested as a result, the threats ceased. Defendant also tried to pay plaintiff money to terminate his relationship with Johnson.

Plaintiff's complaint summed up:

The aforesaid actions by [defendant] represent an unreasonable intrusion into [plaintiff's] right to live free of [defendant's] interference, threats, surveillance, extortion or duress, and constitute an invasion of [plaintiff's] right to privacy.

The right of privacy, largely unknown or ignored at the common law, was the subject of a noted 1890 law review article. Warren and Brandeis, *The Right of Privacy*, 4 *Harv.L.Rev.* 193. The *Restatement* analyzes invasion of privacy as a complex of four distinct wrongs, which it describes as follows:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.

(2) The right of privacy is invaded by

 (a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or

 (b) appropriation of the other's name or likeness, as stated in § 653C; or

 (c) unreasonable publicity given to the other's private life, as stated in § 652D; or

 (d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

*[Restatement (Second) of Torts* § 652A (1976)].

The Law Division judge correctly ruled that plaintiff's complaint did not state a cause of action under § 652A(2)(b), (c), or (d), but that the complaint did state facts sufficient to make out a cause of action for unreasonable intrusion upon seclusion under § 652A(2)(a). The elements of the cause of action are:

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*[Restatement (Second) of Torts* § 652B (1976)].

Comment d. to the quoted section describes the nature of the tort and the interests protected:

There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary

reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

The *Restatement* analysis of the tort of invasion of privacy contained in § 652A and following sections has been adopted and employed in New Jersey cases. *See Romaine v. Kallinger,* 109 *N.J.* 282, 537 *A.2d* 284 (1988); *Figured v. Paralegal Tech. Serv., Inc.,* 231 *N.J.Super.* 251, 555 *A.2d* 663 (App.Div.1989), *certif. dismissed,* 121 *N.J.* 666, 583 *A.2d* 350 (1990); *Fasching v. Kallinger,* 211 *N.J.Super.* 26, 510 *A.2d* 694 (App.Div.1986); *Faber v. Condecor, Inc.,* 195 *N.J.Super.* 81, 477 *A.2d* 1289 (App.Div.), *certif. denied,* 99 *N.J.* 178, 491 *A.2d* 684 (1984); *Bisbee v. John C. Conover Agency,* 186 *N.J.Super.* 335, 452 *A.2d* 689 (App.Div.1982); *N.O.C., Inc. v. Schaefer,* 197 *N.J.Super.* 249, 484 *A.2d* 729 (Law Div.1984).

Plaintiff's action was commenced more than two years but less than six years after the occurrences described in his complaint. Every action "for an injury to the person" is governed by *N.J.S.A.* 2A:14–2, which bars suit two years after the cause of action accrues. Every action "for any tortious injury to the rights of another not stated in §§ 2A:14–2 and 2A:14–3 [1]" is barred six years after the cause of action accrues. The issue on which this appeal turns, therefore, is whether plaintiff's complaint seeks damages for an injury to his person.

The limitations period applicable to an action does not depend on the historical antecedents of the cause of action pleaded, but on the nature of the damages claimed. *Burns v. Bethlehem Steel Co.,* 20 *N.J.* 37, 39–40, 118 *A.2d* 544 (1955); *Heavner v. Uniroyal, Inc.,* 118 *N.J.Super.* 116, 119–20, 286 *A.2d* 718 (App.Div. 1972), *aff'd,* 63 *N.J.* 130, 305 *A.2d* 412 (1973); *Nolan v. Otis Elevator Co.,* 197 *N.J.Super.* 468, 473–74, 485 *A.2d* 312 (App.Div.

---

[1] Defamation action barred one year after publication.

1984), *rev'd on other grounds,* 102 *N.J.* 30, 505 *A.*2d 580 (1986), *cert. denied,* 479 *U.S.* 820, 107 *S.Ct.* 84, 93 *L.Ed.*2d 38 (1986); *Montells v. Haynes,* 258 *N.J.Super.* 563, 567–78, 610 *A.*2d 898 (App.Div.), *certif. granted,* 130 *N.J.* 601, 617 *A.*2d 1223 (1992). *Canessa v. J.I. Kislak, Inc.,* 97 *N.J.Super.* 327, 335, 235 *A.*2d 62 (Law Div.1967) (appropriation of plaintiff's names and likenesses for defendant's commercial benefit deprived plaintiff of property, and did not injure his person). Different limitations periods can apply to different damage claims for the same tortious conduct.

One who has established a cause of action for invasion of privacy, according to *Restatement (Second) of Torts,* § 652H (1976), is entitled to recover damages for

(a) the harm to his interest in privacy resulting from the invasion;

(b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) special damage of which the invasion is a legal cause.

It is apparent that the *Restatement* does not take an express position on the question before us, that is, whether damages for intrusion upon seclusion under § 652B are "for injury to the person."

Mental distress damages under *Restatement* § 652H(b) might well be so classified. However, since plaintiff has expressly disclaimed any such damages, we need not rule on that question. *However, see Montells, supra,* 258 *N.J.Super.* at 568–73, 610 *A.*2d 898 (claim under Law Against Discrimination for "pain, suffering and humiliation," but not for economic loss from termination of employment, was barred by two-year statute of limitations); *Goncalvez v. Patuto,* 188 *N.J.Super.* 620, 630, 458 *A.*2d 146 (App.Div. 1983) (*Portee* emotional distress claim barred by two-year statute).

 Damages for the harm to plaintiff's interest in privacy, which are recoverable under *Restatement* § 652H(a), must compensate for something other than mental distress or provable special damages. Otherwise they would not have been listed and described separately. Although intrusion on seclusion is not actionable at all unless it passes the objective test that it "would

be highly offensive to a reasonable person," *Restatement* § 652(B), recovery for harm to plaintiff's interest in privacy does not depend on a showing of resulting mental distress. Apart from the emotional reaction the individual plaintiff may or may not suffer from the intrusion, the harm to the plaintiff's interest in privacy is itself a loss to be compensated in damages. Intrusion upon seclusion, like defamation *per se,* is actionable in the absence of proof of resulting special harm. *See Hall v. Heavey,* 195 *N.J.Super.* 590, 594–95, 481 *A.*2d 294 (App.Div.1984); *Restatement* §§ 69–70; *Gertz v. Robert Welch, Inc.,* 418 *U.S.* 323, 349–50, 94 *S.Ct.* 2997, 3011–12, 41 *L.Ed.*2d 789 (1974). It is also, in an appropriate case, a basis for recovery of punitive damages.

■ The two-year limitations statute does not apply to injury to *a* person, but to injury to *the* person. Because the right to damages for the harm to plaintiff's interest in privacy under *Restatement* § 652H(a) does not relate to any physical or emotional injury, it is not "an injury to the person" and is therefore not governed by the two-year limitations period.

In the present case, plaintiff asserted in a certification in response to defendants' motion that he suffered certain special damages. He took circuitous auto routes to avoid harassing surveillance, and thus spent more for gasoline. He purchased a baseball bat for self defense. He missed some days of work. The point of those allegations of almost negligible damages, we understand, was to demonstrate that plaintiff suffered damages unrelated to "injury to the person" that would overcome the two-year limitations period.

We need not say whether those allegations would have been sufficient for that purpose. The assertion in the complaint that there was an intrusion on plaintiff's seclusion which would be highly offensive to a reasonable person is itself sufficient to state a cause of action to which the six-year limitations period applies. Other damages which plaintiff may claim may be barred if they result from injury to his person and thus are governed by an expired two-year limitations period.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent herewith.